**BIGGERS v. EVANS. (No. 7248.)**

Court of Civil Appeals of Texas. Austin. June 27, 1928.

**1. Justices of the peace ⟨⟩72—Term "labor actually performed" within venue statute does not include services rendered by real estate broker (Rev. St. 1925, art. 2390, subd. 4).**

The term "labor actually performed," as used in Rev. St 1925, art. 2390, subd. 4, authorizing suits to recover for labor actually performed to be brought where labor is performed, does not include professional services rendered by a real estate broker.

**2. Justices of the peace ⟨⟩72—Services of broker in supervising packing and loading merchandise incidental to sale of land and covered by commission held not "labor actually performed" within venue statute (Rev. St. 1925, art. 2390, subd. 4).**

Service of broker in supervising packing, checking, marking, and loading stock of merchandise accepted by seller as part of sales price of land, which service was merely incidental to sale of land by broker, and was covered by 5 per cent. commission theretofore agreed upon, *held* not to constitute "labor actually per-

formed" within meaning of Rev. St. 1925, art. 2390, subd. 4, authorizing suits to recover for labor actually performed to be brought where such labor is performed (quoting Words and Phrases, Second Series, "Labor").

Appeal from Travis County Court; Geo. S. Matthews, Judge.

Action by J. A. Biggers against A. F. Evans, wherein defendant filed a plea of privilege. From an order sustaining such plea, plaintiff appeals. Affirmed.

W. T. Williams, of Austin, for appellant. The Bowers, of Giddings, for appellee.

BLAIR, J.— This appeal is from an order sustaining the plea of privilege of appellee to be sued in justice precinct No. 4, Lee county, Tex., the place of his residence. Appellant controverted the plea and sought to maintain venue under provision of that portion of subdivision 4 of article 2390, R. S. 1925, which reads as follows:

"That in all suits to recover for labor actually performed, suit may be brought and maintained where such labor is performed, whether the contract for same be oral or in writing."

In his filed statement of his cause of action and in his controverting answer to the plea of privilege, appellant alleged in substance that appellee contracted and agreed to pay him 5 per cent. commission on the sales price of 153 acres of land for his services in procuring a purchaser and for the labor performed in justice precinct No. 3, Travis county, Tex., where the suit was filed, in packing and loading the stock of merchandise accepted by appellee as a part of the purchase price of the land sold. And the sole question on this appeal is whether the alleged labor performed in connection with the packing and loading of the merchandise comes within the meaning of the language "labor actually performed," as used in statute above quoted, pertaining to venue in justice court cases.

[1] It is settled law that the term "labor actually performed" as used in the statute above quoted does not include professional services rendered by a real estate broker. Felton v. Johnson, 112 Tex. 412, 247 S. W. 837; Douglas v. Bennett (Tex. Civ. App.) 250 S. W. 237.

[2] But appellant insists that his labor in helping check, mark, pack, and load the stock of merchandise accepted by appellee as a part of the sales price of the land constituted the basis of a part of the cause of action asserted, and that such labor does come within the meaning of the term "labor actually performed," as used in the statute above quoted. As applied to the facts of this case the contention is without merit for the following two reasons:

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1. Because the packing, checking, marking, and loading of the stock of merchandise in question was merely incidental to the sale of the land by the broker and for which services he earned his commission of 5 per cent. The 5 per cent. commission was agreed upon at the time the land was listed with appellant for sale. Later he sold the land, appellee accepting as a part of the purchase price the stock of merchandise. Concerning the disposition and delivery of the merchandise, appellee wrote appellant as follows:

"Well; Mr. Wood came up yesterday and inspected the land, and we closed the trade. Papers to be fixed up and forwarded to them immediately. Owing to the bad weather though, I'll have to have my goods shipped to Lexington by freight. Mr. Wood is to pay for having them delivered to the depot there, but you will have to see to the loading, marking, etc. See that each box, package, etc., is marked in my name. The boxes or barrels that contain dishes, glassware, etc., must be marked as glass; check up on the number of boxes, bundles, and packages, see that all merchandise is sent, for that is what the contract calls for. But I'm sure you understand how it should be done and feel sure that you will attend to everything as it should be. Will arrange about your pay just as soon as I can get to it. * * * P. S.—Be sure to send bill of lading to me."

It might be said in this connection that it was neither alleged nor proved that any specific amount was to be paid appellant for packing and loading the goods, but it was specifically alleged that the 5 per cent. commission theretofore agreed upon was to cover all charges. Therefore the packing and loading of the goods was merely incidental to the larger contract to sell the land. That is, the packing and loading of the merchandise merely had to do with the delivery of a part of the purchase price for which the land sold, and was not independent of the greater contract, the procuring of a purchaser to buy the land, for which services the owner had already agreed to pay appellant the full amount sued for here. The failure to perform acts which are incidental to the performance of the main act or obligation has been held not sufficient to fix venue. Bomar Cotton Oil Co. v. Schubert (Tex. Civ. App.) 145 S. W. 1193; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 561. And the case of Shafer v. Brashear (Tex. Civ. App.) 274 S. W. 229. cited by appellant in this connection, is not in point as a matter of fact. There the suit was upon a written contract performable where the suit was filed, and also upon an open account; and the court simply held that in order to avoid a multiplicity of suits venue was fixed by the written contract. There the suit was upon separate and independent contracts; here the suit is upon the same contract, based upon acts of services which were separate but incidental to the main service

to be performed—the procuring of the sale of the land.

2. But the service which the letter above quoted directed or obligated appellant to perform does not come within the meaning and purview of the term "labor actually performed," as used in the statute quoted. In the case of Felton v. Johnson, supra, the Commission of Appeals quoted with approval the following from 2 Words and Phrases, Second Series, 1320:

"The word 'labor,' in legal parlance, has a well-defined, understood, and accepted meaning, It implies continued exertion of the more onerous and inferior kind, usually and chiefly consisting in the protracted exertion of muscular force. 'Labor' may be business, but it is not necessarily so, and business is not always labor. In legal significance, labor implies toil; exertion producing weariness; manual exertion of a toilsome nature."

For further definition of the word "labor," see 35 C. J. 922–924, § 1.

The letter of instructions to appellant clearly shows that Wood was to "pay for having the goods delivered to the depot there," and that appellant's sole duty in the premises was to "see to the loading, marking; * * * that each box, package, etc.. is marked in my name. The boxes or barrels that contain dishes, glassware, etc., must be marked glass," etc. Clearly, this instruction did not direct or anticipate that appellant was to perform any actual manual, physical labor; but he was merely to supervise and see that the goods were properly "delivered" for shipment, "for that is what the contract calls for" or obligates Wood, the seller, to do. Any other construction of the direction in the letter would be a doubtful and strained construction, and our courts have uniformly held that the right to be sued in the county of one's domicile is a valuable one, and not to be taken away by strained or doubtful inferences and constructions. We will therefore affirm the judgment of the trial court.