## YATES v. GRAYBURG OIL CO.
### No. 7575.

Court of Civil Appeals of Texas. Austin.
April 15, 1931.

Rehearing Denied May 13, 1931.

J. P. Hill, of San Angelo, for appellant.

James Cornell and R. G. Hughes, both of San Angelo, and Ingrum & Smith, of San Antonio, for appellee.

BAUGH, J.

Suit by appellant against appellee, a private corporation, for alleged breach of written contract, to declare forfeiture thereunder, for injunction, for appointment of a receiver, and for damages. Appellee filed its plea of privilege to be sued in Bexar county, the place of its residence, which appellant controverted, and, after a hearing thereon, its plea was sustained, from which order Yates has appealed.

Venue in Tom Green county was asserted under subdivision 5 of article 1995, R. S., based upon a written contract performable there, and under subdivision 23 giving venue against a private corporation in any county where the cause of action or a part thereof arose. It appears: That I. G. Yates owned two sections of land bordering upon the west side of the Pecos river in Pecos county. That the appellee owned and operated in June, 1929, under a lease from the state of Texas six oil wells in the Pecos river bed adjacent to said lands, and in addition thereto was "picking up," by ditches dug for that purpose, seepage oil from said lands which would otherwise have escaped into said river. The contract in question was dated June 8, 1929, ran from June 1, 1929, to May 31, 1930, and granted to appellee, among other things, the right to use surface sites on said lands for the purpose of operating its river bed lease, pumping, treating, storing, etc., the oil therefrom, including tanks, camp sites, etc., necessary for that purpose; and permission to reclaim or pick up all such seepage oil and to dig necessary ditches for that purpose.

In addition to other considerations recited, said contract provided that appellee, designated as licensee, "* * * contracts, binds and obligates itself to pay to the licensor at his office in San Angelo, Tom Green County, Texas, twice monthly one-eighth (⅛) of all the seepage oil picked up and run as aforesaid and it will on the 15th day of June, 1929, render

an accurate account to licensor at his said office of all the seepage oil picked up and run as aforesaid from June 1st to June 15th, 1929, and likewise on the 1st and 15th days of July, 1929, and the 1st and 15th days of each succeeding month thereafter during the continuation of this contract it will render an accurate account to licensor of all the seepage oil picked up and run as aforesaid from the date of the preceding accounting, and will with each accounting pay to licensor at his office aforesaid the one-eighth (⅛) part thereof according to the daily posted price of oil run from the Yates field, and in the event it from any cause fails, refuses or neglects to make such accounting and promptly pay to licensor at his office aforesaid within three (3) days after each accounting period aforesaid the amounts due to him, then the license hereby granted shall be thereby forfeited and licensor shall have the right to sue for and recover any sums due and owing as aforesaid with interest at ten per cent per annum from the date the same has accrued as aforesaid with ten per cent additional as attorneys' fees.

"And it is further expressly agreed that should licensee refuse, fail or neglect to faithfully keep and perform any other covenant, agreement or condition of this license contract, this contract shall thereby be forfeited and licensee agrees that it will without question remove all its machinery from the land of the licensor, and failing to remove its said properties within ten (10) days after any default in payment or non-compliance as aforesaid, then said machinery and properties shall be forfeited to and become the property of the licensor and he shall have the right by himself or through his agent or representative to take possession of all properties, machinery and other things of the licensee on said land and remove the same therefrom and sell and dispose of it and hold and keep the proceeds thereof. * * *"

The other provisions of said lease are not pertinent to the issues raised.

On June 9, 1930, appellant notified appellee that the April and May royalty remittances had not been made. Appellee thereupon made remittance for April, but not for May. On July 2, 1930, the attorney for Mr. Yates wrote appellee that its contract had expired by its terms on May 31, 1930; that it had not paid its royalties on seepage oil which were due on May 1st and 15th; that it had not complied with its contract so as to extend such license for another year; and "as the records now stand here the license contract is terminated and the properties placed by you on the lands forfeited to Mr. Yates." On July 24, 1930, appellee tendered to appellant full payment for his one-eighth of the seepage oil recovered by it during the month of May, which appellant then refused and continued to refuse to accept. Subsequent correspondence introduced indicates that such refusal to accept was because appellant was then asserting other rights under the forfeiture clause of the contract, claimed by him to have accrued from appellant's failure to pay the royalties as provided, in addition to the payment of the money for May, and was demanding of appellant the surrender of his lands and of its equipment situated thereon. No tender in this respect was shown to have been made by appellee, only a tender of the royalty for the seepage oil. On August 5, 1930, appellant's attorney demanded of appellee in writing payment of May royalties, interest and attorneys' fees, that appellee vacate his property and surrender to him possession of its equipment located thereon. Upon being informed that appellee was preparing to remove said equipment from his premises, appellant filed this suit on August 9th, seeking the relief above indicated.

Appellee bound itself in writing to perform a part of its contract in Tom Green county. It is not controverted that it failed to do so in accordance with the express terms thereof. Appellee insists, however, and such was doubtless the view of the trial court, that upon its tender to appellant on July 24, 1930, before this suit was filed, of the sums due on May 1st and 15th, respectively, the only portion of the contract performable in Tom Green county, or which appellant could enforce in Tom Green county, was thereby extinguished, and that the district court thereby lost venue of the suit as to any and all other provisions of said contract, because they were not performable in Tom Green county, and that to permit appellant to refuse the tender made and thus sustain venue on the rest of his suit in Tom Green county would amount to a fraud upon the jurisdiction of that court.

There seems to be no controversy over the facts. Clearly the appellee breached its written contract with reference to payments in Tom Green county. If no tender of that payment prior to filing of said suit had been made, unquestionably venue would have been properly laid in Tom Green county. Did such tender, under the facts and circumstances above outlined, deprive appellant of the right to litigate in said county the other claims asserted by him under his contract? We think not.

Two things are obvious we think from the provisions of the contract. One is that, because of its dependent provisions, its subject-matter, and the parties thereto, it was not a divisible contract. The second is that the parties have in express terms made the time of the payments due thereunder of the essence of the contract; and appellee, upon its failure to make such payments within the times specified expressly vested in appellant, by such default, specific additional rights of forfeiture therein named. We are not to be understood as passing upon those rights here; but, under the terms of the contract and ap-

416

pellant's pleadings, they were clearly placed in issue. When so asserted by appellant after appellee's breach of its contract to make its payments at specified times for the oil taken by it from his premises, these additional demands—that is, the surrender of his premises together with its personal property located thereon—became a part of what was due him under the contract, if he chose to enforce the forfeiture provision, as much as did the royalties from the oil. All these matters he was entitled to assert in the same suit; and, if the trial court had jurisdiction over one part of the controversy, vested by virtue of the written promise to pay in Tom Green county, it had, of course, jurisdiction over the entire controversy arising out of and dependent upon the entire contract.

There is no contention that tender was made by appellee for anything except payment for the seepage oil taken in May, 1930. Having breached its contract in one respect, and appellant having invoked a penalty provided in the contract for such breach, appellee was required to make a full tender of all things due to appellant under the contract. The rule as to sufficiency of a tender stated in 38 Cyc. 137, is as follows: "Nothing short of an offer of everything that the creditor is entitled to receive is sufficient, and a debtor must at his peril tender the entire sum due, including all necessary expenses incurred or damages suffered by the creditor by reason of the default of the debtor, and a mistake in tendering an amount less than the sum due is the misfortune of the tenderer, and the position of the parties remains the same as if no tender had been made." See, also, Tucker v. McCullough (Tex. Civ. App.) 209 S. W. 236; 5 A. L. R. 1226, and numerous annotations there cited; 10 Tex. Jur. 403.

Appellant was not required to accept a tender of only part of what he was entitled to under his contract, admittedly breached by appellee, but was entitled to assert all claims arising from a breach thereof in any court having jurisdiction of his cause of action. The trial court erred, therefore, in sustaining said plea of privilege. The judgment of the trial court is reversed, and the cause is remanded for trial in the district court of Tom Green county.

Reversed and remanded.

On Motion for Rehearing.

Appellee in its motion for rehearing earnestly insists that we erred in holding that the contract in question was not divisible, and that the appellant's suit, in addition to being for a breach of contract, was also to recover possession of his lands in Pecos county from the appellee, on the grounds that appellee was

a trespasser, the contract having already expired under its terms on May 31st.

Plaintiff in his petition did seek to recover, first, the May payments; second, the personal property located on his lands in Pecos county, under the forfeiture provision of the contract; and, third, possession of the lands against appellee as a trespasser. The last relief sought, it is true, was not dependent upon the contract, but, being between the same parties and involving the same subject-matter, it could properly have been joined with the suit on the contract in order to avoid a multiplicity of suits.

We do not, however, agree with appellee that the portion of the contract performable in Tom Green county, and the portion performable in Pecos county, under its terms, was divisible or severable, and such that could properly have been enforced in two separate suits. Appellee bound itself to make the payments on the dates specified in Tom Green county. Upon its failure to do so, and its further failure to remove its personal property from the appellant's premises in Pecos county within ten days after such default, under the terms of the contract, these failures automatically forfeited to the appellant the personal property in question, located on his Pecos county land. It is obvious, therefore, that the right of forfeiture in appellant was dependent first and primarily upon the failure to pay royalties at the place and times specified. That portion of the contract was expressly performable in Tom Green county, and a breach thereof in that county was essential to work the forfeiture declared. Appellee having failed to make the payments as provided for in the contract, and further having failed to remove the personal property from the Pecos county land within the ten days provided, vested in appellant his right of forfeiture. This right of forfeiture was therefore inseparable from the obligation to pay in Tom Green county; and defendant cannot, by offering to comply with the part of its contract performable in Tom Green county, and which it admittedly breached, thereby compel the appellant to go elsewhere to try a portion of his lawsuit inseparably connected with and dependent upon that part of the contract performable there.

Clearly the appellant was entitled to litigate this portion of his cause of action in Tom Green county. If his action in trespass for possession of the lands in Pecos county is in fact severable, that matter can be determined upon proper plea made for that purpose. However, it is not necessary for us to determine that issue here.

Appellee's motion is overruled.

Overruled.