**WINFIELD v. CONYERS.**

No. 8606.

Court of Civil Appeals of Texas. San Antonio. April 29, 1931.

Rehearing Denied May 20, 1931.

H. J. Passmore, of Robstown, for appellant.

E. B. & Howell Ward, of Corpus Christi, for appellee.

COBBS, J.

Appellee filed this suit against appellant and T. C. Stubbs, in the district court of Nueces county, to recover the sum of $2,500 as commission on the sale of certain land situated in Nueces county.

T. C. Stubbs answered by general denial, and C. F. Winfield filed a plea of privilege to be sued in Tyler county, Tex., the county of his residence. The court, after a hearing on the plea of privilege, decided against Winfield and held the case properly brought in Nueces county.

The venue is claimed to be properly in Nueces county because it is alleged that Winfield listed with appellee, Conyers, certain property belonging to Winfield, situated in Nueces county; that appellee procured T. C. Stubbs as a purchaser for the land, and, in any event, the appellant Winfield and Stubbs were brought together through the efforts of appellee; that the sale was consummated between the defendant Stubbs and appellant, Winfield, at a price of $50,000; that after appellee had procured said Stubbs as a purchaser, the defendants Winfield and Stubbs entered into a conspiracy with each other to defraud appellee of his commission of $2,500, which he was entitled to as a broker for making such sale. It was alleged that the conspiracy and fraud upon appellee was consummated in Nueces county.

It was alleged that in order to evade the payment of the commission to appellee, defendants agreed to and did secretly and directly with each other arrange matters so as to defeat appellee's right to his commission.

Upon the hearing of the plea of privilege, I. N. Conyers testified that he was a real estate broker, and that appellant listed this land with him; that Stubbs inquired of him who owned it, and asked what Dr. Winfield wanted for it, of which inquiry witness advised appellant Winfield; that thereafter, in August, 1929, appellant Winfield inquired if the witness had a prospective purchaser, and was told the only prospect was Stubbs; that the same day appellant said he believed he would take the property off the market; witness understands now this was after Winfield "had already sold it." Winfield did not tell Conyers he had sold the land. Stubbs told the witness that he had a letter from Dr. Winfield asking him to send the contract or deed back to him. "He said he was going to do it and wait two years and by that time my commission would be barred by limitation, and he was going to see that I didn't get any commission out of that deal. I had a letter from Dr. Winfield too."

We have taken appellee's own statement of the contents of his own pleading, and his statement of the evidence on the point. There is no allegation of any actual fraud committed in Nueces county that would justify a suit against a nonresident person who had no personal interest in the land or contract, at least such as would permit a suit to be filed and maintained against him in a county other than his own domicile. This suit is filed for commission on a sale of land, which is simply upon a breach of contract for the failure to carry out a trade and pay commission, without any fraud or trespass or tort in it alleged committed by either defendant, and, none especially committed by Stubbs. All the evidence shows relative to him is that he bought the land. There is not shown any evidence of fraud or conspiracy with which Stubbs is connected. The alleged injury grows out of the failure of Winfield to pay a commission, which appellee alleges he has earned. Stubbs only helped him earn this commission, by buying the land. And, as appellant says: "If Stubbs hadn't done all the evidence herein shows he did do, the plaintiff would not have even a claim against Winfield for commission. If Stubbs' act in buying the land (which is all the evidence herein shows he did) affected Conyers at all, it enabled him to earn his commission, instead of damaging him any. Plaintiff's damage, if any, is not the proximate and direct result of any act done by Stubbs. The allegations of the petitions and of the controverting affidavit so show. * * * The facts alleged show just a simple breach of contract by Winfield,—nothing more."

Where there is fraud, and the suit relates to it, and asks relief from its effects, and the facts are properly pleaded, then the suit may be brought in the county where the fraud was committed. But where there is only a breach of contract really alleged, and no facts alleged in the petition, and especially where there are no facts of fraud proven, as in this case, such exception to general venue does not apply. There must be evidence of resident defendant's participation in the wrong alleged. Hood et al. v. Askey et al. (Tex. Civ. App.) 270 S. W. 1047.

Really no actionable conspiracy is shown; at any rate, the evidence introduced does not show any exception to exclusive venue in the county of the defendant's residence, which is Tyler county, Tex.

We do not think there is any pleading or evidence to justify the venue of the suit in Nueces county against appellant, C. F. Winfield. It is therefore ordered that the judgment of the district court overruling appellant's plea of privilege be reversed and said cause, as to appellant, C. F. Winfield, be transferred to the district court of Tyler, Texas.

Reversed and remanded with instructions.