## BATEMAN v. McGEE et al.
### No. 10966.

Court of Civil Appeals of Texas. Dallas.
May 14, 1932.

Wynne & Wynne, of Wills Point, for appellant.

F. H. Prendergast, of Marshall, and A. A. Dawson, of Canton, for appellees.

JONES, C. J.

Appellant, J. W. Bateman, a resident of Van Zandt county, instituted this suit in the district court of said county against appellees, H. W. McGee and C. E. McClelland, the former residing in Harrison county and the latter in Gregg county, to recover commissions on the sale of royalties from mineral lands in Van Zandt county. Appellees each filed a plea of privilege, McGee praying that the suit against him be transferred to Harrison county, the county of his residence, and McClelland, yielding his right to be sued in Gregg county, also prayed that the suit be transferred to Harrison county. After a trial on the pleas of privilege, the court entered judgment transferring the cause to the district court of Harrison county, and appellant has duly perfected an appeal.

Appellant's controverting affidavit alleged a right to maintain the venue in Van Zandt county, under subdivision 7 of article 1995, R. C. S., the general venue statute. This subdivision declares in substance that, in all cases of fraud, suit may be brought in the county where the fraud was committed. Appellant alleged certain fraudulent representations made to him in Van Zandt county, by appellees, in reference to their power to bind

the owners of the land to pay a commission on royalty sales. The main issue raised by the evidence shows that there exists between the parties a disputed issue of fact as to whether any contract was entered into at all, and that any fraud claimed by appellant to have been practiced on him, in reference to their authority to represent the owners, is only incidental to this main issue. Appellant's suit is not one to cancel a contract because of fraud, but to recover on the contract that he undertakes to make binding on appellees. Under this state of facts, we think there was no error in the judgment rendered by the trial court. Latshaw v. McLean (Tex. Civ. App.) 238 S. W. 1004; Neal v. Barbee (Tex. Civ. App.) 185 S. W. 1060; Dowell v. Long (Tex. Civ. App.) 219 S. W. 560; Slaughter v. Oakes (Tex. Civ. App.) 203 S. W. 407; Sheffield v. Rousey (Tex. Civ. App.) 153 S. W. 653; Winfield v. Conyers (Tex. Civ. App.) 38 S.W.(2d) 894; Beale v. Cherryhomes et al. (Tex. Civ. App.) 21 S.W.(2d) 65.

It follows that the judgment of the lower court should be affirmed.

Affirmed.