**AUTO REFINANCE CORPORATION et al.**
**v. SMITH et al.**
**No. 13134.**

Court of Civil Appeals of Texas. Fort Worth.
May 17, 1935.

Castle, Gammage & Mercer, and Earl W. Gammage, all of Houston, and E. M. Robertson, of Wichita Falls, for appellants.

Otis E. Nelson, of Wichita Falls, for appellees.

BROWN, Justice.

Thelma Lee Smith and husband, Laurence E. Smith, sued the Auto Refinance Corporation and the Texas Acceptance Corporation in the district court of Wichita county, alleging that the wife, prior to her marriage, borrowed from one Morton, alleged agent of the defendants, $200, and gave her note for the sum of $267.10, and also executed a chattel mortgage on her Nash automobile to secure the usurious note, and all of which acts were performed in Wichita county, Tex.; that although the note and mortgage were made to R. B. Morton & Co., and later transferred to the defendants, the transaction was a mere subterfuge to give the appearance of bona fide purchasers for value; that they had paid $220 on the note; that plaintiffs had moved to Duncan, Okla., and while in such city, one Neill, alleged to be defendants' agent, demanded the automobile, intimidated Mrs. Smith, threatened to put her in jail for taking mortgaged property out of Texas; that she was in poor health; that because of such threats and acts she delivered the car to the alleged agent; that she has suffered $1,000 actual damage, and $250 damages for the loss of the use of the car; sued for $40, being double the amount of usurious interest paid; $2,000 exemplary damages; sued for possession of the automobile, and, in the alternative, for the value thereof, $500.

Both defendants are private corporations and are domiciled in Harris county, Tex., and each filed a plea of privilege to be there sued.

The plaintiffs, by controverting plea, seek to establish venue in Wichita county by elaborating upon their original allegations, saying that Mrs. Smith paid six installments of $26.71 each on the note in Wichita county, and was a resident of such county when she executed the note and mortgage; by alleging that their cause of action, or a part thereof, arose in Wichita county; by alleging that the Texas Acceptance Corpora-

tion was a party to the torts and fraud complained of; that their suit against the Auto Refinance Corporation was lawfully maintainable in Wichita county.

Demurrers and exceptions being urged against the controverting plea, by trial amendment, the plaintiffs alleged that the right, title, and interest claimed by the two defendants arose by virtue of the note and mortgage, which were executed in Wichita county, and that a part of the cause of action pleaded arose in said county.

All demurrers and exceptions were overruled, and, after hearing the evidence, the pleas of privilege were overruled. Proper exceptions to all such rulings were preserved, and an appeal from the order overruling the pleas of privilege brings the case before us for review.

■ Essentially, appellees' cause of action is one for the unlawful taking of the automobile and the damages sustained by them because of the unlawful acts done by Neill, at the time of the conversion. These things occurred in the city of Duncan, in the state of Oklahoma.

Such a cause of action may be maintained in Harris county, Tex. (or in the county in which the city of Duncan, Okla., is situated, if service of process can be had through any Oklahoma law, giving jurisdiction over the defendants), and the further cause of action for the recovery of usurious interest may be brought against the defendant to whom it was paid, either at the place of payment, or where they are domiciled, they being corporations; but under no circumstances do we feel warranted in saying that a cause of action to recover several thousands of dollars, growing out of a tort committed in a foreign domain, can be tied to a cause of action to recover $40 (alleged to be double the amount of usurious interest paid), such cause of action being solely within the jurisdiction of a justice court, so as to give venue over the persons of the defendants, charged with commission of the tort. This would be true even though the usurious interest were paid in Wichita county.

■ In this suit appellees have joined several causes of action. The only one that could possibly be maintained in Wichita county is that for the recovery of usurious interest paid. These causes of action are separate and distinct.

It would be making mockery of the sacred right to be sued in the county of one's residence to hold that a litigant may join a cause of action, over which the justice court has exclusive jurisdiction, with one or more other causes aggregating several thousands of dollars, for the purpose of maintaining venue. Evans v. Heldenfels (Tex. Civ. App.) 70 S.W.(2d) 283; Bateman v. McGee et al. (Tex. Civ. App.) 50 S.W.(2d) 374; Reeder & Lynch v. E. B. Hayes Mach. Co. (Tex. Civ. App.) 257 S. W. 947; Korioth v. McGraw (Tex. Civ. App.) 37 S.W.(2d) 347.

There are other propositions advanced which we consider unnecessary to discuss.

The judgment of the district court overruling the pleas of privilege of appellants, Auto Refinance Corporation and Texas Acceptance Corporation, is reversed, and judgment rendered sustaining said pleas, and the cause remanded to the trial court, with instructions to transfer said cause to the district court of Harris county, Tex.

Reversed and rendered.