## TIMLIN v. CLOUD.

No. 9872.

Court of Civil Appeals of Texas. Austin.

April 12, 1950.

Rehearing· Denied May 3, 1950.

Lee Minner, of San Antonio, Texas, for appellant.

Knox Miller, of San Antonio, Texas, for appellee.

PER CURIAM.

This is a venue case in which appellant, Ward Timlin, sued appellee, P. W. Cloud,

a resident of Scurry County, for specific performance of a contract, it being contended by appellant that the contract was performable in Bexar County and that venue was properly laid there under Subd. 5, art. 1995, Vernon's Ann.Civ.St.

The evidence introduced upon the nonjury trial consisted of appellant's original and amended petitions, his controverting affidavit and the exhibits attached thereto.

The petitions of appellant allege a written contract between the parties for the sale by appellee and the purchase by appellant of an oil and gas lease on certain lands in Scurry County and that appellee "obligated himself and specifically and specially agreed to deliver to this plaintiff (appellant) in the City of San Antonio, Bexar County, Texas, abstracts of title covering the above described land, and allow this plaintiff (appellant) 15 days from examination of said abstracts, which this defendant (appellee) has neglected, failed and refused and still refuses to do."

The prayer of the petition was for specific performance of the contract "in all things" and specifically that appellee be required to deliver the abstracts in San Antonio and likewise to deliver the oil and gas lease.

The contract between the parties, if any, is evidenced by the following communications:

"Room 708 St. Anthony Hotel, San Antonio, Texas, May 24, 1949, P. W. Cloud, c/o H. J. Brice, Attorney Snyder, Texas. We will give you $350.00 cash per acre and $750.00 per acre oil payment out of 1/16th for your 320 acres being north half of Section 159 H&TCRR Scurry County, Texas, net to you, and agree to drill a well starting within one year from date of lease. This to be a 10 year Special 88 Form Commercial lease with $1.00 per acre rentals. We will allow $25.00 for bringing abstract down to date and having Judge Brice prepare lease and contract covering drilling obligation and oil payment. Judge Brice to immediately prepare lease as one instrument and separate instrument covering drilling and oil payment obligation the lease to state Quote This lease is made subject to contract covering drilling and oil payment obligations of this date and such contract is hereby referred to and made a part of this lease Quote And the contract to state similar clause with reference to lease, but to be drawn as two separate instruments, and you will sign and acknowlege the lease, and we will sign and acknowledge drilling contract and oil payment obligations, and you will record the drilling and oil payment contract, and we will record the lease. We are to have 5 days after receipt of lease form and contract to be executed by us covering drilling and oil payment obligations for our attorneys to approve as to form, thereafter we will sign drilling and oil payment contract, return to you for you to sign lease, send abstract certified down to date with draft for the full amount of cash payment to Quote Ward Timlin First State Bank & Trust Company, Mission, Texas Quote and we are to have 15 days after receipt thereof by the bank in which to have our attorneys examine abstract and accept titles and pay such draft. All papers should be sent by registered mail, return receipt requested so there can be no question as to date and time received. Please wire your acceptance of this offer and have Judge Brice prepare instruments accordingly immediately. Answer. Ward Timlin. Paid. Sent as straight message, Charge to Ward Timlin, Room 708 St. Anthony Hotel, San Antonio, Texas."

"May 24, P M 2:50. Ward Timlin, St. Anthony Hotel, San Antonio, Texas. Re-Tel today. Will consider lease on basis of price quoted with 1/16th of 7/8ths of oil, gas and minerals reserved in the lease until $750.00 per acre has been paid out of oil and/or gas such reservation incorporated in the lease. Drilling obligation may be in separate instrument for drilling to be commenced within one year from date of lease and continued with diligence to depth to test Canyon lime formation at not less than 7500 feet or such lesser depth as oil and/or gas may be found in paying quantities. Such drilling must be entirely at Lessee's cost. Lease to be delivered to lessee for the Cash bonus paid at Snyder, Texas, and delivery by lessee to lessor of the executed drilling contract.

404

P. W. Cloud, Snyder, Texas, 1/16th 7/8th $750.00 7500."

"San Antonio, Texas, May 24, 1946. P. W. Cloud, c/o H. J. Brice, Attorney, Snyder, Texas. Your telegram just received and terms outlined therein are entirely satisfactory and we consider the deal closed. We are mailing direct to you care Judge Brice our check for $25.00 and Judge Brice may at his early convenience prepare the papers and send to me direct Room 708 St. Anthony Hotel, San Antonio, Texas, and as soon as my attorney approves as to form will sign drilling contract and return to you with lease to be executed by you with instructions on where to send abstract. Ward Timlin."

"Room 708 St. Anthony Hotel, San Antonio, Texas, May 24, 1949. Mr. P. W. Cloud, c/o H. J. Brice, Attorney, Snyder, Texas. Dear Mr. Cloud: Enclosed copies of telegrams passed between us this date. Herewith our check for $25.00 and as soon as Judge Brice gets the lease prepared, and the drilling contract prepared, please have him mail to me by registered mail to Room 708 St. Anthony Hotel San Antonio, Texas, and I will turn over to Mr. Nowlin our attorney and as soon as he approves I will sign the drilling contract and return it to you to be recorded, when the deal is finally consummated; will also return the lease for you and wife to execute and attach to draft and to be held in your bank at Snyder, Texas, until such time as our attorney can pass on title. When we mail the signed drilling contract and lease back to you, we will advise where to send abstract for examination. * * * Sincerely yours, Ward Timlin."

"1949 May 25 P M 507. Snyder, Tex. 2 5 410P—Ward Timlin, Room 708 St. Anthony Hotel, San Antonio, Texas, registered letter with copy of lease mailed today. P. W. Cloud."

(Excerpt from letter June 1, 1949, Ward Timlin to P. W. Cloud.) "You will please send the abstracts to the property covered by the lease to W. F. Nowlin, c/o Brewer, Matthews, Nowlin & Macfarlane, 1501 Alamo National Bank Building, San Antonio, Texas. Very truly yours, Ward Timlin."

Even if the above writings constitute a valid contract, a question we do not decide, and even if the "instructions" as to where the abstracts were to be sent constitute a part of that contract, also a question we do not decide, we are of the opinion that such incidental provision of the contract cannot and does not control venue.

 The rule as stated by this court in Biggers v. Evans, Tex.Civ.App., 8 S.W. 2d 557, 558, is: "The failure to perform acts which are incidental to performance of the main act or obligation has been held not sufficient to fix venue."

See authorities cited in this opinion as well as Ferguson v. Coody, Tex.Civ.App., 211 S.W. 2d 295, and authorities cited therein.

The subject matter of this suit is an oil and gas lease and not abstracts of title.

The judgment of the trial court is affirmed.

Affirmed.