**E. J. BURKE, Appellant,**

v.

**John Linn SCOTT, Appellee.**

**No. 11364.**

Court of Civil Appeals of Texas.

Austin.

Feb. 23, 1966.

Rehearing Denied March 16, 1966.

John Peace, J. B. Langham, San Antonio, for appellant.

**386**

Cofer, Cofer & Hearne, Hume Cofer, Austin, for appellee.

HUGHES, Justice.

This is a venue case in which the trial court overruled the plea of privilege of appellant, E. J. Burke, to be sued in Webb County. John Linn Scott sued appellant to recover the sum of $68,000.00, with interest. The nature of the suit, as disclosed by the pleadings, is:

Appellee is a licensed professional architect. In April 1963, appellee and appellant entered into a contract and agreement by the terms of which appellee was employed as an architect for and in connection with the construction of a nursing home in San Antonio, Texas, by and for appellant. As compensation for such services, appellant agreed to pay appellee in cash 4% of the construction costs of the nursing home, but such fee not to exceed forty thousand dollars, and in addition appellee was to receive "20% of the stock in the ownership corporation without further assessment" to appellee.

Appellee alleged that he had performed under the contract all services required of him which could be performed prior to actual construction of the nursing home and that while he was obligated to supervise its construction he was prevented from performing this service because appellant "failed and refused to begin construction" and "abandoned said project and thereby breached" the contract with appellee.

Appellee alleged that the reasonable value of the services rendered by him to appellant was $65,000.00; that he had been paid $12,000.00 in cash and appellant had executed and delivered to him a note for $2,000.00, dated December 16, 1963, payable in sixty days after date in Austin, Texas, in lieu of cash, on the contractual obligation to pay not to exceed $40,000.00 in cash.

Appellee prayed for recovery on the note, for the value of his services less the $12,000.00 cash payment and the amount of the note, for $15,000.00 attorney's fees, interest and costs.

At the venue hearing, evidence was introduced to support the above allegations. It was also proved that bids for construction of the nursing home were taken and each was in excess of $1,000,000.00, so that 4% of such cost would have exceeded the $40,000.00 cash agreed to be paid to appellee.

Appellant has one point of error which is that the trial court erred in overruling his plea of privilege for the reason that venue of this suit is not controlled by Sub. 5 of Art. 1995, Vernon's Ann.Tex.Civ.St.

Appellant prays that this suit be transferred in its entirety to Webb County or, in the alternative, that all of the suit except the declaration on the promissory note be transferred to Webb County.

Appellant's right to have the entire suit transferred to Webb County is based upon his contention that the suit on the note was but an incident of the main suit to enforce appellee's other rights under the contract. Appellant cites the following authorities to sustain this contention: Biggers v. Evans, Tex.Civ.App., 8 S.W.2d 557, Austin, n. w. h.; McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217, Eastland, n. w. h.; Southwestern Peanut Growers Association v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019, Eastland, writ dismissed; Ammann v. The Daniel Oil Company, Tex.Civ.App., 220 S.W.2d 181, Austin, n. w. h.; Timlin v. Cloud, Tex.Civ.App., 229 S.W.2d 402, Austin, n. w. h.; Slagle v. Clark, Tex.Civ.App., 237 S.W.2d 430, Amarillo, n. w. h., and Seale v. Langston, Tex.Civ.App., 259 S.W.2d 639, Beaumont.

We will discuss these authorities in reverse order.

Langston is a suit brought in Hardin County to recover damages caused by drilling an oil well in Hardin County under a written contract to pay such damages but not fixing the place of payment. Even though the damages could have been sustained only in Hardin County, the court held

defendant's plea of privilege should have been sustained.

Slagle was a suit to recover for an alleged shortage in a land sale. The suit was brought in Dallam County where the land lay. The Court held that defendant's plea of privilege should have been sustained because there was no contract in writing that such damages were payable in Dallam County.

Timlin was a suit brought in Bexar County by the purchaser against the seller to compel specific performance of a contract to sell an oil and gas lease land in Scurry County. It was held that defendant's plea of privilege should have been sustained notwithstanding the contract provided that seller should deliver the abstracts of title to buyer in Bexar County, the Court holding that failure to perform acts which are incidental to performance of the principal obligation are not determinative of venue. The suit in Timlin was not to compel delivery of abstracts. It was to compel performance of the contract to sell.

Ammann, so far as pertinent here, merely holds that it is the particular provision in a written contract which is sued upon which determines venue of the suit.

Peanut holds that it is immaterial that plaintiff's obligation is to perform services in the county of suit where defendant's obligation, the one sued on, to pay for such services is not performable in a particular county named in the contract. Defendant's plea of privilege was sustained.

Moon merely reaffirms the doctrine that it is the obligation in suit which controls venue.

Biggers, which appellant says is directly in point, is a justice court case and involves Sub. 4 of Art. 2390, R.C.S., 1925, which provided that suits to recover for labor actually performed might be brought where the labor was performed. The suit was to recover a commission for the sale of land and for labor performed in loading and packing merchandise which was given in part payment for the land. This labor was performed in the justice precinct where the suit was brought. The Court sustained defendant's plea of privilege on two grounds, (1) that the packing etc. "was merely incidental to the sale of the land by the broker" and (2) the service which plaintiff was directed and obligated to perform was not "labor actually performed," the Court construing the agreement as obligating plaintiff to "supervise" the packing etc. and not that he was obligated to perform any manual labor.

A case not cited by appellant is Auto Refinance Corporation v. Smith, Tex.Civ.App., 84 S.W.2d 296, Fort Worth, in which two corporations were sued in Wichita County to recover $40.00 being double the alleged amount of usurious interest paid them by plaintiff and for $3,750.00 damages, actual and exemplary, alleged to have been sustained as a result of the conversion of plaintiff's car by defendants in Oklahoma. Venue of the whole case was based on the conceded venue in Wichita County of the suit for usury. The Court denied this contention and sustained defendants' pleas of privilege, saying:

"It would be making mockery of the sacred right to be sued in the county of one's residence to hold that a litigant may join a cause of action, over which the justice court has exclusive jurisdiction, with one or more other causes aggregating several thousands of dollars, for the purpose of maintaining venue."

This case, in our opinion, comes within the exceptions, to the Middlebrook doctrine, later noticed. The Court holds that there was an improper joinder of the causes of action and, from its language, indicates that venue was sought to be fixed in Wichita County through means so unfair as to reflect lack of good faith.

Some of the authorities which, in our opinion, oppose the contention of appellant that the main purpose of the suit controls the venue will now be discussed.

In Shafer v. Brashear, Tex.Civ.App., 274 S.W. 229, Judge Fly for the San Antonio Court in considering a plea of privilege filed by a defendant who had been sued in Live Oak County for a balance of $33.21 due on a $9,000.00 written obligation payable in Live Oak County, and who also, in the same suit, was sued for $271.02 for extra work, held that the plea was improperly sustained, the Court saying:

"The suit was founded on a claim partly due on a claim payable on a written promise to pay in Live Oak county, and partly due on a verbal contract for extras. A suit for the balance due on the written contract would be properly brought in Live Oak county, and appellee could not successfully claim the right to be sued in Bowie county, where he resided. The law requiring suits, except under certain circumstances, to be instituted in the county of the defendant's residence is done to prevent him from being forced into a court possibly inimical to him, and at least where there is no friendship or acquaintance existing, and the reason of the law fails where a part of a claim is due in another county than the residence of the defendant. He will be as much inconvenienced and handicapped on a part of the claim as on the whole, and a multiplicity of suits, which is discouraged in our practice, would be avoided. In the case of Middlebrook v. [David] Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935, a defendant had been sued in Jackson county on three notes, two of them payable in that county by their terms, but not the third, and the Supreme Court held:

'Two of the notes being payable in the county in which action was brought, the suit was properly brought there, and in order to avoid multiplicity of suits it was proper to embrace in the same action the the other note.' "

In Wester v. Smith, Tex.Civ.App., 213 S.W.2d 550, Fort Worth, a defendant was sued, as the result of an automobile collision, for $75,000.00 claimed damages on the account of the death of one person and for $1,000.00 property damage. The evidence showed venue only as to the suit for property damage in the County of suit. Nevertheless, the Court overruled the plea of privilege basing its decision upon the Middlebrook doctrine.[1]

In Yates v. Grayburg Oil Co., 38 S.W.2d 414, this Court held that in a suit to recover oil payments for one month, which were payable in Tom Green County, the County of suit, venue properly lay in that County for forfeiture of the contract and the recovery of personal and the possession of real property in Pecos County even though defendant tendered payment of the delinquent payment, the Court saying:

"Appellee having failed to make the payments as provided for in the contract, and further having failed to remove the personal property from the Pecos county land within the ten days provided, vested in appellant his right of forfeiture. This right of forfeiture was therefore inseparable from the obligation to pay in Tom Green county; and defendant cannot, by offering to comply with the part of its contract performable in Tom Green county, and which it admittedly breached, thereby compel the appellant to go elsewhere to try a portion of his lawsuit inseparably connected with and dependent upon that part of the contract performable there.

Clearly the appellant was entitled to litigate this portion of his cause of action in Tom Green county. If his action in trespass for possession of the lands in Pecos county is in fact severable, that matter can be determined upon proper plea made for that purpose."

In Stevens v. Southern Ice & Utilities Co., Tex.Civ.App., 37 S.W.2d 240, the Texarkana Court applied the Middlebrook doctrine and held that venue of a suit on an

1. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935.

open account for $503.16 was maintainable in a county where the defendant was sued on two notes each for $80.60 executed by him and payable in such County against his plea of privilege to be sued in the county where he lived.

In Tennessee Gas and Transmission Co. v. Heard, Tex.Civ.App., 190 S.W.2d 518, the San Antonio Court held that a suit filed in Refugio County for $200.00 for damages to land therein located and for $2,700.00 for damages to plaintiff's cattle was not removable to the county of defendant's residence.

See also Warner v. Gohlman, Lester & Co. Inc., 117 Tex. 145, 298 S.W. 890.

These cases convince us that in applying the Middlebrook doctrine there is no valid distinction between the relative importance of the obligations involved, i. e., it makes no difference that the obligation fixing venue in the county of suit may be minor when compared with the other obligation sued on and held in the county of suit through application of the Middlebrook doctrine.

■ We distinguish Biggers, supra, on the ground that its decision may rest on the second ground stated by the Court in its opinion. We do not, however, agree that the first reason assigned by the Court for its decision in Biggers is valid. The other authorities cited by appellant are patently inapplicable. We, therefore, deny appellant's contention that this cause should be transferred in its entirety to Webb County.

■ We also deny the prayer of appellant that this cause, except as to suit on the note, be transferred to Webb County. We do this because of our duty to follow the Middlebrook doctrine promulgated by the Supreme Court. This doctrine, accurately stated in Sec. 4.38, McDonald, Texas Civil Practice, from which we quote:

"A plaintiff who in good faith asserts joinable claims against the same defendant, both parties contesting the claims in the same capacity, usually can maintain venue upon all the claims in a county where venue is proper as to one."

McDonald notes several exceptions to this doctrine such as its inapplicability where mandatory provisions of the venue law are involved, where there proper parties plaintiff are not before the Court, where there is fraud in asserting the claim on which venue is founded, or where this this claim becomes moot; and the text cites authorities pro and con, all noted herein, on the contention made here by appellant that the doctrine does not apply when the local claim is but an incident of the larger claim as to which venue would not otherwise lie in the county of suit.

The Middlebrook doctrine has been recently reaffirmed by the Supreme Court in Pecos Valley Southern Ry. Co. v. Parkhill Produce Co., 163 Tex. 88, 352 S.W.2d 723.

There could be no question here regarding the propriety of the joinder of the suit on the note and the suit on the main contract. The note was but an outgrowth of the contract. It is but a part of the total consideration for the contract. Appellant does not suggest that there is a misjoinder or any lack of good faith on the part of plaintiff in pleading both causes of action in the same suit.

The case of Southwestern Investment Co. v. Lanier, Tex.Civ.App., 372 S.W.2d 737, Amarillo, writ dismissed, w. o. j., is cited and relied upon by appellant as controlling disposition of this case insofar as transfer of suit on the main contract is concerned. We have read this case very carefully and studiously. In Lanier plaintiff sued defendant on four promissory notes, two payable in Potter County where the suit was filed, and two payable in Bexar County, where defendant lived. Each of the notes was secured by a lien on different property. The trial court severed the suit on the notes payable in Potter County from the suit on the notes payable in Bexar County and sustained defendant's plea of privilege as to these notes.

This case is, of course, distinguishable from our case on the facts. The four notes sued on in Lanier did not arise from the same transaction, and there was a severance. Here there is but one transaction, out of which both claims sued on arose, and there was no severance.

Notwithstanding these factual differences, we are unable to distinguish Lanier on principle from the Middlebrook doctrine. Lanier literally follows the venue statutes. Middlebrook is a Court-made exception to the letter of these statutes. What our choice would be if we had a choice as to which rule we would follow, Middlebrook or Lanier, is unimportant. We have no choice. We are duty bound to follow the Supreme Court-made rule of Middlebrook. We, therefore, very respectfully decline to follow Lanier.

The judgment of the trial court is affirmed.

Affirmed.