Jim **LINDSEY** and Moja Lindsey,
Appellants,

v.

**SECURITY SAVINGS ASSOCIATION,**
Appellee.

No. 19102.

Court of Civil Appeals of Texas,
Dallas.

April 11, 1977.

William B. Dawson, Carrington, Coleman,
Sloman, Johnson & Blumenthal, Dallas, for
appellants.

Peter S. Chantilis, Coffee, Coffee &
Chantilis, Dallas, for appellee.

AKIN, Justice.

This is an appeal from an order overruling defendants' pleas of privilege. Security
Savings Association of Dallas sued Jim
Lindsey, a former majority stockholder, director, and officer, for acts of alleged fraud,
negligence, and conversion occurring in
Dallas County. The association asserts that
venue is, therefore, proper in Dallas County
under Tex.Rev.Civ.Stat.Ann. art. 1995(7),
(9), and (9a) (Vernon 1964). The association
also sued Mrs. Lindsey for conversion and
asserts that venue was proper under article
1995(9). The trial court denied both pleas
of privilege. We hold that the association
established a prima facie case of conversion
against Mr. Lindsey; consequently, since
the alleged actions with respect to negligence and fraud are independent causes of

action properly joined, we affirm with respect to Mr. Lindsey. But because we also hold that the association failed to establish a prima facie case of conversion against Mrs. Lindsey, we reverse and order the cause against her transferred.

### I. *Mr. Lindsey*

 The association contends that Lindsey converted several items of personal property and that venue is, therefore, proper in Dallas County under subdivision (9). These items consisted of office decorations worth approximately $900. The decorations were located in Lindsey's office at the association and were removed by him after he sold his stock in the association and resigned as an officer and director. Lindsey argues that he came into possession of the items lawfully and, absent a demand for and refusal of their return, no conversion has been shown. On the other hand, the association responds that any right Lindsey may have had to possession ceased when he terminated his relations with the association and that their removal after that time was a wrongful taking, and demand and refusal were, therefore, not necessary. We agree with the association. Lindsey testified that he thought he owned the items which he removed; however, he does not set out any facts which would show title in himself rather than the association. Nor does he dispute the fact that the association paid for them and carried them on its books as assets. The disputed office decorations were within the control of the association, by virtue of being located in their offices, until Lindsey removed them to Texarkana, at which time he was no longer an officer or director of the association. His mistake as to their ownership is not a defense to conversion. *Ligon v. E. F. Hutton & Co.,* 428 S.W.2d 434, 438 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). We hold, therefore, that the association has established a prima facie case of conversion within the purview of subdivision (9) of article 1995; consequently, venue may be maintained on this cause of action in Dallas County.

 Where venue may be maintained as to one cause of action, venue may properly be maintained as to all causes of action against the defendant. *Middlebrook v. David Bradley Mfg. Co.,* 86 Tex. 706, 26 S.W. 935 (1894). Lindsey asserts that this rule does not apply where the cause of action upon which venue is predicated is merely incidental to the main cause of action. In support of this position, he cites 1 McDonald, Texas Civil Practice, § 4.38 at 561, which relies on *Auto Refinance Corp. v. Smith,* 84 S.W.2d 296, 297 (Tex.Civ.App.—Fort Worth 1935, no writ) and *Bateman v. McGee,* 50 S.W.2d 374, 375 (Tex.Civ.App.—Dallas 1932, no writ). In *Auto Refinance Corp.,* the court held that a $40 usury claim predicated on a car loan could not control the venue of an action in tort for the wrongful repossession of the car where the damages alleged in the wrongful repossession claim totaled $3,250. More recent cases hold, however, that the relative size of recovery sought in separate causes of action is not a factor to be considered in determining where venue is proper. *Brazos Valley Harvestore Systems, Inc. v. Beavers,* 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Burke v. Scott,* 400 S.W.2d 385, 389 (Tex.Civ.App.—Austin 1966, writ dism'd). If venue as to one cause of action is proper in the county in which suit was brought, then all properly joined causes of action against the defendant should be maintained in that county to avoid a multiplicity of suits, regardless of the relative size of recovery sought in the various causes of action. In *Bateman,* this court held that allegations of fraud were incidental to the primary cause of action based on a contract. The alleged fraud concerned the defendant's statements that he had authority to bind third parties to pay commissions under the contract. The court concluded that plaintiff's suit was not one to cancel a contract because of fraud, but rather to recover on the contract that he undertook to make binding upon the defendants. *Bateman* is not persuasive here because the term "incidental" as used in *Bateman* refers to allegations which support a cause of action, not the relationship between different causes of actions.

We conclude that since the association has established a cause of action for conversion under article 1995, subdivision (9), other causes of action between the same parties, if properly joined, are maintainable in the county in which the suit is brought. *Texarkana Water Supply Corp. v. L. E. Farley, Inc.*, 353 S.W.2d 885, 889 (Tex.Civ. App.—Houston 1962, no writ). Thus, under the *Middlebrook* doctrine, all of the causes of action against Lindsey may be maintained in Dallas County.

## II. *Mrs. Moja Lindsey*

■ At the outset of this section, we note that the association does not contend that Mrs. Lindsey is a necessary party to the action against Mr. Lindsey under article 1995, subdivision (29a). Consequently, the cause of action against her may be maintained in Dallas County only if one of the exceptions to article 1995 is applicable to her individually. In this respect, the association asserts that Mrs. Lindsey converted certain items belonging to the association in Dallas County and that venue is, therefore, properly maintainable against her in Dallas County. The association's cause of action for conversion against Mrs. Lindsey is based upon her possession of four items: a candelabra valued at $680.12, two vases valued at $457.12, and a set of cast-iron cookware valued at $181.39. John Shoemaker, who was a vice-president of the association in 1974 when the Lindseys sold the association, testified that these items were carried on the books of the association at the time of the sale, but that they were not found on the premises when an inventory was taken. The only other testimony pertaining to these four items was that of Mrs. Lindsey. She stated that she purchased the vases and candelabra at the Trade Mart in Dallas and had them delivered to the association's office for her convenience. She picked them up there and took them to her home in Texarkana. The Trade Mart billed Security Properties, a wholly owned subsidiary of Security Savings of Texarkana (also owned by the Lindseys), which handled purchases for the various savings and loan associations owned by the Lindseys, as well as their personal purchases. Purchases were made through Security Properties because of the substantial savings that could be obtained by purchasing from wholesalers rather than retailers. Mrs. Lindsey testified that she purchased these items for herself, not the Dallas association, and that the association in Dallas was erroneously billed by Security Properties. A similar situation exists with respect to the cookware. Mrs. Lindsey's cookware was part of a shipment which included cookware for the association. The association was erroneously billed for the entire shipment and, accordingly, paid for it. Mrs. Lindsey concedes that she owes the association for these items, but contends that they were purchased for her personal use, that the association was billed for these items through an error committed by Security Properties, and that the association erroneously paid the bills.

The association argues that it is entitled to possession of these items by virtue of title and prior possession and that Mrs. Lindsey's contention that the items were erroneously billed is not a defense to conversion, citing *Ligon v. E. F. Hutton & Co.*, 428 S.W.2d 434, 438 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.), which holds that merely because wrongful possession is obtained innocently and as a result of a mistake on the part of the rightful owner, a cause of action for conversion is not defeated. *Ligon* is not in point here because the association never had title. In this respect, the association never challenged or contradicted Mrs. Lindsey's assertion that the purchases were made on her behalf, for which she was indebted to Security Properties. Thus, when she received possession of the goods, she also received title. Tex.Bus. & Comm.Code Ann. § 2.401 (Vernon 1968). Mere payment of the debt of another does not, without a specific agreement, pass title to property for which the debt was incurred. Since the association failed to establish title to the four items, it failed to prove a prima facie cause of action for conversion under subdivision (9).

Accordingly, the order of the trial court with respect to the suit against Mrs. Lindsey is reversed and the cause transferred to Bowie County; with respect to Mr. Lindsey, the order is affirmed.