### PARCHMAN et al. v. PARCHMAN.

No. 15246.

Court of Civil Appeals of Texas.
Fort Worth.

May 4, 1951.

Rehearing Denied June 1, 1951.

Thomas L. Lowry, of Tyler, F. L. Garrison and Power, McDonald, Mell & Lowry, all of Gilmer, for appellants.

Ramey & Ramey, of Sulphur Springs, Oliver W. Fannin and Oliver W. Fannin, Jr., both of Fort Worth, for appellee.

HALL, Justice.

This appeal is from an order overruling pleas of privilege of the appellants, Mrs. Ruth Parchman and Buck Parchman, to be sued in the county of their residence. Appellee, plaintiff below, contends that venue lies in Tarrant County, where the suit was brought, under subdivisions 4, 9, and 10 of Article 1995, R.C.S., Vernon's Ann.Civ.St. Art. 1995, subds. 4, 9, 10.

█ Judgment having been in favor of appellee, the evidence will be considered in the light most favorable to him, and the facts will be stated in the light of the rule which requires this.

Mrs. Ruth Parchman and Buck Parchman brought fourteen head of cattle to Fort Worth and turned them over to E. Whisenant, commission agent, for sale. Appellee laid claim to the cattle. The parties all agreed, at Whisenant's suggestion, because of the expense that would be incurred in keeping said cattle in the stockyards during pendency of litigation over them, that the cattle would be sold and that rights of the parties with respect to the proceeds of sale would be the same as they would have been with respect to the cattle.

█ It is our belief that venue lies in Tarrant County under subdivision 4. Appellee's pleadings and his testimony are sufficient to show that the cattle belonged to him; that they were turned over to Whisenant for sale by appellants, that Whisenant sold the cattle under the aforesaid agreement that they should be sold and that the rights of the parties with respect to the proceeds should be the same as their rights would have been with respect to the cattle; that appellee demanded payment of the proceeds of the sale from Whisenant and Whisenant refused to pay same over to appellee. This was sufficient to establish a cause of action against Whisenant for the money in his hands which had been derived from sale of the cattle. Appellants were proper parties to the suit under the holding in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

█ We do not consider the situation was changed by the fact that Whisenant, after suit was brought, paid the proceeds of sale into registry of the court. The burden still remained on appellee to prove his right to the proceeds of sale. The pleadings and proof were sufficient to support the implied finding of the trial court that said cattle belonged to appellee and that he was entitled to judgment against both Whisenant and appellants for said proceeds, even though as to Whisenant the judgment would be satisfied by payment to appellee of the money in the registry of the court.

█ We also believe there is good ground to think that venue lies in Tarrant County under subdivision 10 of Article 1995, which provides: "Suit for the recovery of personal property may be brought in any county where the property may be or

where the defendant resides." The parties agreed that their rights should be the same with respect to the proceeds of sale as they would have been with respect to the cattle, and there is proof that the proceeds of sale were in Tarrant County at the times material herein.

We are also inclined to the view that venue lies in Tarrant County under subdivision 9. As above stated, appellee plead, and testified to the same effect, that the cattle belonged to him, that they were sold as aforesaid, and that after the sale Whisenant and appellants joined in refusing appellee's demand that the money be paid over to him. This was sufficient proof of conversion of the proceeds of sale in Tarrant County. "Conversion may consist in the wrongful detention of chattels under an assertion of right inconsistent with the owner's general dominion, particularly when the detention occurs after a demand for possession has been made." 42 Tex. Jur., p. 521. Conversion of personal property is treated as a trespass under the provisions of subdivision 9. 42 Tex.Jur., p. 546.

Judgment of the trial court is affirmed.