**CITY STATE BANK IN WELLINGTON v. WICHITA NAT. BANK OF WICHITA FALLS et al.**

No. 15380.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 14, 1952.

Porter & Lowe, of Clarendon, Bullington, Humphrey, Humphrey & Fillmore, of Wichita Falls, for appellant.

Arch Dawson, of Wichita Falls, for appellee, Wichita National Bank of Wichita Falls.

Robert B. Harbison, of Altus, Okl., Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, Tex., for appellee, National Bank of Commerce of Altus, Okl.

CULVER, Justice.

This case involves a question of venue. The facts are without dispute, except as will be noted.

The appellant, City State Bank in Wellington, Texas, will be designated as the Wellington Bank, the appellee, National Bank of Commerce of Altus, Oklahoma, as the Oklahoma Bank, and the appellee,

Wichita National Bank of Wichita Falls, Texas, as the Wichita Bank.

One Boyd, on February 25, 1952, bought two lots of cattle from Scoggin and Brock of Oklahoma, giving in payment therefor checks in the sums of $7,740 and $7,834.23, drawn on the Wellington Bank. The checks were deposited by the payees in the Oklahoma Bank and by that bank forwarded to the Wichita Bank for collection. Appellant, Wellington Bank, received these checks from the Wichita Bank by mail on the 28th day of February, and, on the same day, remitted in full the proceeds to the Wichita Bank by cashier's check of that date, drawn on the First National Bank in Fort Worth. Later, after banking hours on the same day, the Wellington Bank wired the Wichita Bank that the two checks were being protested and returned and made a demand for the return of the corresponding remittance. On the following day, February 29, the Wellington Bank did protest the checks and returned them by mail to the Wichita Bank.

Boyd sold the cattle in Amarillo, Texas, on February 26 for $15,842 in the form of two checks, which he deposited to his credit in the Wellington Bank. Boyd testified that he told the officers of appellant Bank that his two checks to Scoggin and Brock were outstanding; that the deposit of the Amarillo checks was for the special purpose of covering the checks to Scoggin and Brock and was accepted as such by appellant Bank. This conversation was denied by the officers of that Bank. The proceeds from the Amarillo checks were received by the Wellington Bank on February 29, prior to the time it protested and returned to the Wichita Bank the two checks that Boyd had issued to Scoggin and Brock.

On March 11, 1952, the Oklahoma Bank filed this suit in the 30th District Court of Wichita County against the Wichita Bank and the Wellington Bank to recover from the Wichita Bank the proceeds of the remittance to it and to adjudicate any adverse claim the Wellington Bank might be asserting thereto.

The Wichita Bank filed its answer and in addition a cross action in the nature of a bill of interpleader, joining Scoggin and Brock, and tendering into court the cashier's check for the sum of $15,574.

The Wellington Bank filed a plea of privilege to the suit instituted by the Oklahoma Bank and also a plea of privilege to the bill of interpleader filed by the Wichita Bank. Controverting affidavits were filed by appellee Banks. Upon a hearing, both pleas of privilege were overruled and venue retained in Wichita County.

The following points are relied upon by appellant in its contention that the pleas of privilege should be sustained: (1) The Wichita Bank stated no cause of action against appellant in its plea of interpleader; (2) that the controverting affidavit of the Wichita Bank did not make its petition of interpleader a part of such controverting affidavit; (3) no evidence was introduced by the Wichita Bank in support of its controverting affidavit; (4) that the Wichita Bank's failure to make its plea of interpleader a part of its controverting affidavit is fundamental error; (5) the admission in evidence of the pleadings of the various parties to this cause of action; (6) appellant did nothing that would bring it within the bounds of exception No. 23 of Article 1995, Vernon's Ann.Tex.Civ.St.; (7) this not being an action for recovery of personal property, exception 10 did not apply; and (8) that the Wichita Bank was neither a proper nor necessary party to the suit filed by the Oklahoma Bank and under the pleadings and proof there was no right shown on the part of the Oklahoma Bank to recover against the Wichita Bank.

Appellees assert that exceptions 3, 4, 10, 23 and 29a of Article 1995, Vernon's Ann. Tex.Civ.St., are applicable to the facts here and require that appellant's pleas be overruled.

For the purpose of passing upon the venue question, it is sufficiently established by the evidence that when Boyd deposited the two Amarillo checks they were accepted by the Wellington Bank as a special deposit for the purpose of paying off the checks given by Boyd to the people in Oklahoma. It must be presumed therefore that the remittance was forwarded to the Wichita Bank in furtherance of that agreement, thus constituting it an unconditional payment.

The officers of the Wellington Bank testified that almost daily cash letters were received from the Wichita Bank with checks attached for collection, and that it was the custom of the Wellington Bank to forward remittance immediately to the Wichita Bank in payment of all checks so received without making any search of their books to see whether or not the checks were "good", and that later, should it be found that insufficient funds were on hand to pay any of the checks, the Wichita Bank would be so notified and the remittance to cover those checks would be returned. The records of the Wichita Bank were introduced, which seemed to indicate that no such custom prevailed.

■ We are of the opinion that a cause of action has been plead and proved by the Oklahoma Bank against the Wichita Bank, and that the Wellington Bank is both a necessary and a proper party, since the Wichita Bank has in its possession a $15,000 cashier's check which had been voluntarily paid over by the Wellington Bank for the purpose of paying the checks drawn by Boyd. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Park v. Wood, 146 Tex. 62, 203 S.W.2d 204.

■ Appellant cites Article 342, § 704, Vernon's Ann.Tex.Civ.St., to the effect that such remittances as were made by it on this occasion are conditional and subject to revocation during the day on which the item is presented. We cannot agree that this statute has application to this case where there is testimony to the effect that the Wellington Bank accepted certain items as a special deposit and were bound therefore to transmit the proceeds under that agreement.

■■ The rule announced in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, is, "such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." See also Clingingsmith v. Bond, Tex.Sup., 241 S.W.2d 616. We therefore hold that exceptions 4 and 29a apply.

We are of the opinion also that the suit is maintainable in Wichita County under exception 10, Article 1995, providing that "Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides." In 73 C.J.S., Property, § 8, personal property is defined as " * * * chattels, evidences of debt, and choses in action; * * *." Erwin v. Steele, Tex. Civ.App., 228 S.W.2d 882, refused n. r. e. See also Parchman v. Parchman, Tex.Civ. App., 239 S.W.2d 902, a case decided by this court on a somewhat similar set of facts.

■ We believe that the plea of privilege filed to the Wichita Bank's interpleader is not of primary importance or controlling. The Wichita Bank could have properly, as it did, filed its cross action in the nature of an interpleader and yet it was not required to do so. In fact, its interpleader had little more effect, if any, than an answer setting forth the facts and tendering the funds into court. As said in the case of Wall v. Wall, Tex.Civ.App., 181 S.W.2d 817, 820, "The legal right of a stakeholder to pay into court the fund held by him and constituting the subject of the litigation is not confined to the equitable bill of interpleader."

We are of the opinion that if the plea of privilege as to the case filed by the Oklahoma Bank is overruled, then necessarily the same action would be in order with respect to plea filed to the bill of interpleader. Manifestly, the interpleader could not be moved without moving the entire case, for the reason that the controversy between the Oklahoma Bank and the Wellington Bank will determine the relief sought by the interpleader, the Wichita Bank. Greenwall v. Ligon, Tex.Com.App., 14 S.W.2d 829; Grand Lodge Colored K. P. v. Cleo Lodge, Tex.Civ.App., 189 S.W. 764.

All points raised by the appellant are overruled and the judgment of the trial court overruling the plea of privilege is affirmed.