Gordon C. ALLEN, Appellant,

v.

HAMILTON NATIONAL BANK, Appellee.

No. 4928.

Court of Civil Appeals of Texas,
Waco.

Oct. 22, 1970.

Rivera & Ritter,. Lonnie W. Duke, San Antonio, for appellant.

Andrew Campbell, Hamilton, for appellee.

## OPINION

WILSON, Justice.

The question is whether the trial court correctly overruled appellant's plea of privilege.

Appellee bank sought a declaratory judgment that it was "the true and lawful owner and entitled to all proceeds" of a check, and that it be authorized to collect the proceeds through the registry by endorsement. Appellant Allen, it was alleged in the petition, was indebted to the bank, and had assigned to it "the entire consideration" under a contract Allen had to repair a tank for a city. A dispute arose, it was alleged, over the quality of the work done for the city by Allen, and the city delivered to the bank a check payable jointly to the bank, Allen and a subcontractor in full payment and compromise of the disputed amount due under the contract. The check was tendered into court.

The bank's controverting plea adopted its petition, and alleged Allen was obligated to it on written "contracts" between the bank and Allen being "promissory notes expressly naming" the county of suit as the place of performance. The plea also

alleged the suit was for recovery of personal property located in the county of suit, and stated plaintiff relied on subdivisions 5, 10 and 29a of Art. 1995, Vernon's Ann.Civ.St. Allen's plea of privilege was overruled.

■ This is not a suit on a note. There is no note or place of payment alleged in the petition. The facts relied on to confer venue may not be alleged for the first time in the controverting plea; they must be averred in the petition. Texas Planting Seed Association v. Hooker, Tex. Civ.App., 386 S.W.2d 348; Corpus Christi Hardware Co. v. Farrar, Tex.Civ.App., 417 S.W.2d 479; Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635.

■ This is, however, a suit for recovery of personal property. It is an action for declaratory judgment, as appellant urges, but this characterization of a part of the relief prayed for does not negative the nature of the cause of action as one for recovery of personalty. The relief sought is a determination that the bank is the owner, and entitled to the proceeds of the check, and that it be authorized to collect the proceeds "through the registry of the court by endorsement" of the check. It is a suit to recover title and the right to possession.

■ Whether the court could properly grant this relief is not now before us for decision. The sole venue facts under subd. 10 are (1) that the suit is one (as shown by the averments of the petition) for recovery of personal property, and (2) that the property is located in the county of suit. Proof of a cause of action is not necessary. Walshak v. Walshak, Tex.Civ. App., 417 S.W.2d 307 and cases cited.

■ Appellant insists that a necessary party, the bank upon which the check is drawn, is not joined, and therefore appellee cannot recover the proceeds. The only issue in the plea of privilege hearing is venue. Nonjoinder of parties is not material on that issue, and is not then before the court. Coffield v. Richter, Tex.Civ. App., 229 S.W.2d 97; Anders v. Newsom, Tex.Civ.App., 217 S.W.2d 422; Seeds v. Edgerton, Tex.Civ.App., 209 S.W.2d 987, 989, and cases cited, syl. 4.

Affirmed.