The FIRST STATE BANK OF CHILDRESS, Texas, et al., Appellants,

v.

Welton FIELDS et al., Appellees.

No. 8751.

Court of Civil Appeals of Texas, Amarillo.

April 29, 1977.

Rehearing Denied May 31, 1977.

Williams Broughton & Forbis, John T. Forbis, Childress, J. R. Blumrosen, Jones, Trout, Flygare & Moody, Chauncey Trout, Lubbock, Grady, Johnson, Smith & Blakeley, Thomas A. Blakeley, Jr., Dallas, Travis Shelton, Lubbock, for appellants.

McClendon, Richards & Campbell, Tom M. Richards, Lubbock, for appellees.

ELLIS, Chief Justice.

In this venue case, the plaintiff cotton farmers seek to sustain venue in Cottle County, Texas against a bank and four cotton companies, non-resident defendants, who each had filed its plea of privilege to be sued in the county of its residence. Each of these defendants has brought its

appeal from the order of the trial court overruling the respective pleas of privilege. Reversed and rendered.

Welton Fields and various other cotton farmers in the Cottle County, Texas area, plaintiffs-appellees, sold their cotton to Vaughn B. Nowlin, dba Vaughn B. Nowlin Cotton Company, in January, February, and March, 1976. The checks given by Nowlin in payment for the cotton were dishonored when presented for payment at The First State Bank of Childress, Texas, the bank upon which the checks were drawn. On March 13, 1976, these plaintiffs brought suit against the following defendants: Vaughn B. Nowlin (a resident of Childress County), the cotton merchant against whose account the checks were drawn; Elva Currey (a resident of Cottle County), the agent of Nowlin who actually drew the checks; five cotton companies who allegedly purchased the cotton in question from Nowlin and acquired the warehouse receipts therefor, namely, R. S. Tapp, d/b/a R. S. Tapp & Co., Adolph Hanslik Cotton Co., Inc., Allenberg Cotton Co., Inc. (whose respective residences or domiciles are each in Lubbock County), H. Molsen & Co., Inc., (domiciled in Dallas County) and Toyo Cotton Company, not involved in this appeal; the compress and warehouse company with which the cotton is allegedly stored in Cottle County; and the First State Bank of Childress (with residence in Childress County). Proceedings against defendant Nowlin were stayed by reason of a pending bankruptcy action.

An examination of the pleadings in this suit discloses that the plaintiffs sought monetary damages from the bank, injunctive relief against the warehouse and cotton companies with regard to the moving of any of the cotton in storage to prevent harm to the plaintiffs, and the return or reissuance of the warehouse receipts in order to effect possession and control of the cotton represented by the warehouse receipts. The bank and four of the five above named cotton companies (all except Toyo Cotton Company) filed pleas of privilege to be sued in their respective counties of residence. These pleas were controverted on the bases of subdivisions 4, 5, 7, 10 and 29a of Tex.Rev.Civ.Stat.Ann. art. 1995. After a hearing the trial court overruled the pleas of privilege without filing findings of fact and conclusions of law. The bank and the four cotton companies have appealed from the trial court's order. Each appellant contends that the trial court erred in overruling its plea of privilege either by a single point of error embracing its contentions regarding each of the subdivisions pleaded by the plaintiffs or by separately designated points or error referring respectively to the specific grounds asserted by the plaintiffs in subdivisions 4, 5, 7, 10 and 29a of the venue statute.

■ Subdivision 4 of the venue statute authorizes suit of multiple defendants in the same county if one defendant resides in that county. To establish venue under this subdivision, the plaintiff must plead and prove that he has a bona fide cause of action against the defendant residing in the county. *Western Steel Company v. Hayek*, 452 S.W.2d 732 (Tex.Civ.App.—Corpus Christi 1970, no writ); 1 R. McDonald, Texas Civil Practice § 410.2 at 434 (1965). The plaintiffs have argued that they have a bona fide cause of action against Elva Currey.

■ It is true that Elva Currey was named as a defendant in this suit and that she is a resident of Cottle County. The pleadings and proof disclosed, however, that Currey was sued only as the agent of her disclosed principal, Vaughn Nowlin. Under these circumstances, she would not be personally liable to the defendants and her residence in Cottle County will not call subdivision 4 to operate on these facts. *Hanslik v. Nickels Ginning Company*, 496 S.W.2d 788 (Tex.Civ.App.—Amarillo 1973, no writ). The plaintiffs have argued, however, that Currey was a party to deceit and, therefore, personally liable. *Foix v. Moeller*, 159 S.W. 1048 (Tex.Civ.App.—El Paso 1913, writ ref'd). Pleading and proof of this fact have not been demonstrated and the plaintiffs have asked for no relief from her. In addition, there is no pleading of a joint cause of

action against defendant Currey and any of the appellants. For the reasons above stated, venue cannot be sustained in Cottle County under subdivision 4, as against any of the appellants.

In their controverting affidavits, the plaintiffs pleaded that subdivision 5 applied to these facts. Upon oral argument, however, they abandoned this claim. For this reason, we have not discussed it here.

■■■ Plaintiffs seek to maintain venue against the respective appellants under subdivision 7. To establish venue under that subdivision, the plaintiff must plead and prove that the defendant committed actionable fraud in the county of the suit. One element of actionable fraud is a false representation by the defendant. *Brooks v. Parr*, 507 S.W.2d 818 (Tex.Civ.App.—Amarillo 1974, no writ). In this case, there is no evidence of any explicit or implicit representations made by any of these defendants to any plaintiff. Although the plaintiffs have alleged that the Bank and Vaughn Nowlin were parties to a fraudulent conspiracy, they have produced no evidence of a conspiracy. For the reasons above set out, the trial court's order cannot be sustained by subdivision 7 as to any of the appellants.

■■■ The plaintiffs also pleaded subdivision 10. That subdivision provides:

10. Personal property—Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides. Tex.Rev.Civ.Stat.Ann. art. 1995.

The controlling venue facts under subdivision 10 are (1) the petition must show that the suit is brought to recover personal property in the county of suit and (2) the plaintiff must prove that the property is located in that county. *Langdeau v. Erwin*, 367 S.W.2d 945, 948 (Tex.Civ.App.—Austin 1963, writ dism'd); *Allen v. Hamilton National Bank*, 459 S.W.2d 955 (Tex.Civ.App. —Waco 1970, no writ). The rule is well established in Texas that in order to determine whether the plaintiff is seeking to recover personal property within the county

of suit, it is necessary to look to the contentions of the plaintiff's petition. *Walshak v. Walshak*, 417 S.W.2d 307 (Tex.Civ.App.— Corpus Christi 1967, no writ); *Allen v. Hamilton National Bank, supra.*

In the case before us, the plaintiffs' petition contains three separate counts or grounds for recovery. In Counts II and III, the plaintiffs have not sought recovery of any personal property; they sought monetary recovery from the bank and injunctive relief with reference to the cotton companies and the warehouse company but not the recovery of cotton. Count I pertains to the cotton companies. The relief sought from them is set out in the following terms:

In this regard the Plaintiffs would show that said *Warehouse Receipts should be returned to them or, in the alternative that new warehouse receipts should be issued,* that they should be given full possession and control of their cotton, including the ability to sell the same, that any loss due to market decrease at the time of such sale should be paid by the Defendants NOWLIN and FIRST STATE BANK OF CHILDRESS, TEXAS, and that any additional storage charges these Plaintiffs are forced to pay to the Defendant R. E. HUNTLEY COTTON COMPANY d/b/a PANHANDLE COMPRESS AND WAREHOUSE COMPANY due to any actions causing delay by any of these Defendants should be paid, if at all, by the Defendants causing such delay. (Emphasis added)

Significantly, the only specific items of personal property sought to be recovered are the warehouse receipts. The plaintiffs want them returned or replaced because they are necessary for "full possession and control of their cotton." In the cotton trade, possession of the cotton is controlled by possession of the corresponding warehouse receipts. *Citizens Co-op Gin v. United States*, 427 F.2d 692 (5th Cir. 1970). The petition does not aver that the receipts are located in Cottle County and no proof of this fact was offered at the venue hearing.

The petition indicates no basic concern of the plaintiffs to get specific bales of cotton

returned. Rather, it appears that they primarily seek the monetary value thereof as represented by the warehouse receipts. In determining the application of subdivision 10, we are constrained to look only to the petition, and in the instant case, it is our opinion that the petition does not show that they are primarily seeking recovery of the cotton. See e. g., Congleton v. Mundet & Son, 43 S.W.2d 1111 (Tex.Civ.App.—Galveston 1931, writ dism'd). We have concluded that this is a suit for monetary damages, injunctive relief and return or reissuance of the warehouse receipts. Because the warehouse receipts were not located in Cottle County, subdivision 10 cannot operate to hold venue there as to the appellants in this case.

■ The last subdivision pleaded by the plaintiffs was 29a. Subdivision 29a provides:

> . . . Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

The plaintiffs' controverting affidavit stated that Elva Currey was a resident of Cottle County and a necessary party. There was no allegation or proof that any of the appellants was a necessary party to the litigation. For this reason, subdivision 29a is not applicable. B & C Construction Co. v. Grain Handling Corp., 521 S.W.2d 98 (Tex. Civ.App.—Amarillo 1975 no writ); McCormick v. Vernon Butler Chevrolet Company, 372 S.W.2d 757 (Tex.Civ.App.—Texarkana 1963, no writ). As stated in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942):

> Subdivision 29a . . . is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there . . . under

some other exception of that article.
. . .

Thus, because Elva Currey, a co-defendant, is a resident of Cottle County, subdivision 29a cannot apply.

■ Moreover, in the recent case of Loop Cold Storage Co. v. South Texas Packers, Inc., 491 S.W.2d 106 (Tex.1973) the Supreme Court stated that in order to hold a defendant under subdivision 29a there must be allegations and proof that there is joint liability between the party to be held and one or more parties which the plaintiff proves can be held under some exception to the venue statute. There is no allegation or proof of joint liability of any of the appellants with any other defendant in this case.

In view of the foregoing, we have concluded that subdivision 29a cannot be applied here to sustain venue against any of the appellants in this case.

In our opinion, the defendants' pleas of privilege should have been sustained. None of the venue exceptions pleaded will serve to maintain venue in Cottle County. We see a series of similar, yet completely independent transactions, all centering around Vaughn Nowlin. It is apparent that this lawsuit is in actuality, a multitude of lawsuits. There is no common thread which can tie these various defendants to the same forum. The defendants are not interrelated with each other or with the plaintiffs. Thus, it appears that the plaintiffs have alleged distinct causes of action against these respective defendants, and that such causes are severable. See 1 R. McDonald, Texas Civil Practice, § 4.57 (1965) page 621.

For the reasons above stated the order of the trial court is reversed and judgment is rendered that the pleas of privilege of all appellants be granted. The action against each appellant is ordered severed and transferred in accordance with Tex.R.Civ.P. 89. Accordingly, the cause against The First State Bank of Childress is ordered severed and transferred to the district court of Childress County; the cause against H. Molsen & Co., Inc. is ordered severed and transferred to a district court in Dallas County;

and the respective causes against Allenberg Cotton Co., Inc., Adolph Hanslik Cotton Co., Inc. and R. S. Tapp d/b/a R. S. Tapp & Co., are each ordered severed and transferred to a district court in Lubbock County.