SOUTHWESTERN ELECTRIC POWER COMPANY, Appellant,

v.

MARTIN EQUIPMENT COMPANY, Appellee.

No. 20220.

Court of Civil Appeals of Texas, Dallas.

Jan. 24, 1980.

Michael L. Dunn, Kenley, Boyland, Coghlan & Erskine, Longview, for appellant.

Lewis R. Sifford, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal is from a judgment overruling Southwestern Electric Power Company's plea of privilege to have a third-party action against it for indemnity and contribution transferred to the county of its residence, Gregg County. Appellee, Martin Equipment Company, successfully maintained venue in the trial court under Tex. Rev.Civ.Stat.Ann. art. 1995(4) (Vernon 1964). We reverse and render judgment for Southwestern Electric Power Company (SWEPCO) because Martin did not prove one of the requisites of subdivision 4, a cause of action against the resident defendant.

This case originated from an action filed by the representatives and beneficiaries of a man killed as the result of an industrial accident. While attaching the hoisting cable from a crane to some masonry blocks, decedent was electrocuted when the crane came into contact with the overhead power line. The crane, owned by Martin Equipment Company, was leased to Farrow Company, Inc. at the time of the accident. The power line was owned by SWEPCO. After all three of these companies were named as defendants by the plaintiff-beneficiaries, Martin filed a cross-claim for indemnity and contribution from SWEPCO and Farrow. SWEPCO filed this plea of privilege to be sued in Gregg County on the cross-claim. Prior to the plea of privilege hearing, although not pursuant to a settlement, SWEPCO was dropped from the plaintiffs' suit, and later non-suited. Therefore, we are not concerned with Tex.Rev.Civ.Stat. Ann. art. 2212a § 2(g) (Vernon Supp.1980), which requires that claims for contribution among named defendants be tried with the original suit.

Article 1995(4) provides the following exception to a defendant's right to be sued in the county of its residence: "Defendants in different counties. If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." For the purposes of this appeal, Martin and SWEPCO agreed that Farrow was a resident of the county of suit and that Martin had properly pleaded a joint cause of action against SWEPCO and Farrow. Thus, we need not pass on whether SWEPCO and Farrow were properly joined. Under subdivision (4), the plaintiff must prove a cause of action against the resident defendant. *Park v. Wood*, 146 Tex. 62, 203 S.W.2d 204, 205 (1947); *First State Bank of Childress v. Fields*, 551 S.W.2d 476, 478 (Tex.Civ.App.—Amarillo 1977, writ dism'd); *Von Scheele v. Kugler-*

**430**

*Morris General Contractors, Inc.*, 532 S.W.2d 375, 378 (Tex.Civ.App.—Dallas 1975, writ dism'd). Thus, the issue presented is whether Martin proved a cause of action against the resident defendant, Farrow.

Indemnity and contribution are alleged by Martin as the basis of its cross-action against SWEPCO and Farrow. In the final amended petition upon which plaintiffs went to trial, strict liability is the only cause of action alleged against Martin. Thus, we must first decide whether Martin has proved that it had a cause of action for indemnity against Farrow based on the underlying strict liability claim of the plaintiffs against Martin. SWEPCO urges that Martin has failed to prove a cause of action for indemnity. We agree.

Martin's claim for indemnity in plaintiffs' strict liability action is based on a provision of the lease with Farrow, which provides:

> You [Farrow] agree to indemnify us [Martin] against loss, damage, expense, or penalty arising from any action on account of personal injury or damage to property occasioned by the operation, handling or transportation of the equipment during the rental period.

For the above provision to provide indemnity for strict liability, it must specifically include within its language a provision covering strict liability for a defective product; this it does not do. *Rourke v. Garza*, 511 S.W.2d 331, 341 (Tex.Civ.App.—Houston [1st Dist.] 1974), *aff'd on other grounds*, 530 S.W.2d 794 (Tex.1975).

We turn now to Martin's contention with respect to contribution. SWEPCO contends that Martin did not prove a cause of action against Farrow for contribution because Martin adduced no proof. Martin admits that it did not prove that the resident defendant, Farrow, would be liable to the plaintiffs for their claims. It argues, however, that it only had to show that *if* Farrow was held liable to the plaintiffs, it would have a right to contribution from Farrow for any liability adjusted against it. SWEPCO, on the other hand, contends that Martin had to prove that Farrow was a joint tortfeasor, liable to plaintiffs, in order to prove a cause of action for contribution.

We agree with SWEPCO. One cannot recover contribution from a party against whom the injured party has no cause of action. *City of Houston v. Watson*, 376 S.W.2d 23, 33 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.). In order to maintain venue in Dallas County, Martin had to prove a cause of action for contribution against Farrow, the resident defendant, which necessarily means that it had to prove that Farrow is a joint tortfeasor with Martin because it is liable to the plaintiffs.

Martin urges that such a construction of subdivision 4 in contribution cases is untenable because Martin would have to prove its own liability to the plaintiff. We cannot agree that Martin need prove its own liability. Instead, Martin is required to prove that the plaintiffs have a cause of action against the resident defendant and that, *in the event Martin is found liable*, it has a cause of action for contribution against the resident defendant.

Reversed and judgment rendered that the cause be transferred to Gregg County, Texas.