Maxine MOODY, Appellant,

v.

Cynthia LEWIS, Guardian of the Person and Estate of Wynama U. Miracle, a/k/a Wynama U. Judy, Appellee.

No. 6167.

Court of Civil Appeals of Texas, Waco.

March 13, 1980.

Rehearing Denied April 3, 1980.

Alvin Boyd, Dallas, for appellant.

Daniel M. Francis, Francis & Henager, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivisions 9 and 10 of Article 1995 VATS.

Plaintiff Cynthia Lewis, Guardian of the Person and Estate of Wynama U. Miracle sued defendant Maxine Moody in McLennan County alleging: "Plaintiff is the guardian of the person and estate of Wynama U. Miracle * * * defendant has caused funds of the estate of Wynama U. Miracle A/K/A Wynama U. Judy to be transferred to financial institutions in Waco, Texas and deposited in accounts bearing defendant's name as follows: 1) Acct. 48–283717–01 with First Federal Savings and Loan in amount of not less than $21,721. in the name of *Mrs. Wynama U. Judy, Trustee for Mrs. Maxine Moody*; 2) Acct. 48–6553097–11 with First Federal Savings and Loan in amount of not less than $35,166. in the name of *Mrs. Wynama U. Judy, Trustee for Mrs. Maxine Moody.* Numerous demands have been made upon defendant to return said funds to said estate, but to this date, defendant has failed and refused to return said funds and continues to fail and refuses to return said funds to said estate".

Defendant filed plea of privilege to be sued in Dallas County, the county of her residence.

Plaintiff controverted asserting venue maintainable in McLennan County by virtue of Subdivisions 9 and 10, Article 1995.

Trial was to the court which overruled defendant's plea of privilege.

Defendant appeals on 2 points asserting:

1) The trial court erred in overruling defendant's plea of privilege because there is no allegation in plaintiff's petition of conversion and no evidence to support such allegation.

2) The trial court erred in overruling defendant's plea of privilege because plaintiff's petition did not allege that it was a suit for the recovery of personal property.

Plaintiff Cynthia Lewis testified that she is guardian of the person and estate of Wynama U. Judy; that she lives in Mart, McLennan County; that Mrs. Judy lives in Mart, McLennan County; that plaintiff's grandmother is Mrs. Judy's sister and lives in Mart, McLennan County; that Mrs. Judy had money which belonged to her in her name in First Federal Savings and Loan Association in Waco; that when she sought to gather up the assets of Mrs. Judy's estate she found the accounts in the name of defendant (who is a half-sister of Mrs. Judy's); that demand was made on defendant to return the money to Mrs. Judy by turning it over to plaintiff, her guardian; that defendant did not turn the money over to plaintiff; that plaintiff sought and received permission from the County Court to bring this suit; that the First Federal Savings and Loan is located in McLennan County; that the money involved is in two accounts: 1) one in excess of $21,700; and the other 2) in excess of $35,000.

Subdivision 9, Article 1995 provides: "A suit based upon a crime, offense or trespass may be brought in the county where such crime, offense or trespass was committed by the defendant * * *". Under the pleading and proof the trial court was authorized to believe that defendant had converted the money of Mrs. Judy; hence venue is properly maintainable in McLennan County under Subdivision 9.

Subdivision 10 provides "suit for recovery of personal property may be brought in any county where the property may be * * *".

The sole venue facts under Subdivision 10 are: 1) That the suit is one (as shown by the petition) for recovery of personal property, and 2) that the property is located in the county of suit. Proof of a cause of action is not necessary. *Walshak v. Walshak*, Tex.Civ.App. (Corpus Christi) NWH, 417 S.W.2d 307; *Allen v. Hamilton National Bank*, Tex.Civ.App. (Waco) NWH, 459 S.W.2d 955. Under the pleading and proof venue is maintainable in McLennan County under Subdivision 10.

Defendant's points are overruled.

AFFIRMED.