Fred A. BOSTWICK, Appellant,

v.

LIQUOR CONTROL SYSTEMS, INC., Appellee.

No. 6165.

Court of Civil Appeals of Texas, Waco.

April 24, 1980.

**130**

David E. Cherry, Lynda Beck Fenwick, Pakis, Cherry, Beard & Giotes, Inc., Waco, for appellant.

Rex D. Davis, Kennedy, Davis & Terrell, Waco, for appellee.

HALL, Justice.

This appeal was brought by the defendant for review of an order overruling his plea of privilege. It stems from a suit by the seller of personal property for damages after the defendant-purchaser returned the property and stopped payment on his check given for the purchase price. The question for decision is whether the venue ruling was proper under the provisions of subdivision 10 of Article 1995, Vernon's Tex.Civ. St., or under V.T.C.A., Bus & C. § 17.56. We hold it was not.

The facts are undisputed. Plaintiff Liquor Control Systems, Inc., and defendant Fred A. Bostwick entered into an oral agreement under which plaintiff agreed to sell and Bostwick agreed to buy certain metering devices that are fitted upon bottles of liquor to control and measure the amount of liquor sold from the bottles. The agreed price was $14,883.25. Defendant gave plaintiff his personal check for that amount, drawn on the Republic National Bank of Dallas; and plaintiff delivered the devices to defendant. The agreement was made and consummated in McLennan County on May 11, 1979. Within the following week, defendant stopped payment on the check and returned the metering devices to plaintiff. The check was not honored by defendant's bank, and eventually it was returned to plaintiff by plaintiff's bank with the notation "payment stopped."

This suit was filed by plaintiff in McLennan County.

In its petition, plaintiff alleged the agreement between the parties, plaintiff's delivery of the metering devices in exchange for defendant's check, and defendant's breach of the agreement as set forth above; and then pleaded as follows:

"Plaintiff has had the check in its possession continually since the check was returned with the described notation in March, 1979. By initially giving his personal check in payment for the equipment

described herein, Defendant represented that his check was the tangible evidence of his promise to pay for the equipment purchased and that the check was sponsored and approved by him and would continue to have his sponsorship and approval to complete the contractual agreement with Plaintiff. In violation of his sponsorship or approval, Defendant refused to honor his personal check and, in fact, had payment stopped on it. In addition, Defendant's refusal to honor the check that he gave to Plaintiff constituted breach of implied and/or expressed warranties as those terms are understood under the Texas Business and Commerce Code. These actions by Defendant constitute deceptive trade practices as that term is understood under Texas law, and entitles Plaintiff to recover three times the amount of Plaintiff's actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended by Plaintiff's attorneys herein.

"On April 6, 1979, Plaintiff presented the claim made the subject of this action to Defendant for payment by a letter received by Defendant on that date, demanding payment. At the time of filing of this petition, which is over thirty (30) days after the date of the demand for payment, payment for the just amount owed has not been tendered. As a result of Defendant's failure to pay the claim, Plaintiff has been required to obtain legal counsel to bring this suit. Plaintiff is, therefore, entitled to recover an additional reasonable sum as compensation for attorneys' fees.

"WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that Plaintiff have judgment against said Defendant for its stated damages; for pre- and post-judgment interest; for attorneys' fees as described herein; for costs of Court expended in behalf of Plaintiff, and for such other and further relief, at law and in equity, to which Plaintiff may show itself justly entitled."

Defendant filed his plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff controverted the plea asserting that the suit could be maintained in McLennan County under the venue provisions of subdivision 10 of Article 1995, Vernon's Tex.Civ.St., or under the venue provisions of V.T.C.A., Bus. & C. § 17.56. After a hearing without a jury which developed the facts set forth by us at the beginning of this opinion, the plea of privilege was overruled. Defendant appealed.

■ Subdivision 10 of Article 1995 provides that a suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides. The essential venue facts under this subdivision are (1) that plaintiff's petition shows that the suit is for the recovery of personal property, and (2) the proof shows that the property is located in the county of suit. *Allen v. Hamilton National Bank*, 459 S.W.2d 955, 956 (Tex. Civ.App.—Waco 1970, no writ). In our case, defendant asserts plaintiff has not met those venue facts. We agree. Plaintiff's petition pleads a cause of action for money damages based either upon specific performance of the oral agreement or upon loss of the bargain; it does not plead an action for the recovery of specific property.

Plaintiff asserts it has pleaded "primarily for the recovery of property rights and property interest which plaintiff has in the personal check that Defendant gave," citing the following cases in support of this proposition: *Allen v. Hamilton National Bank*, 459 S.W.2d 955 (Tex.Civ.App.—Waco 1970, no writ); *City State Bank in Wellington v. Wichita National Bank*, 253 S.W.2d 308 (Tex.Civ.App.—Fort Worth 1952, no writ); and *Parchman v. Parchman*, 239 S.W.2d 902 (Tex.Civ.App.—Fort Worth 1951, no writ). Those cases are factually distinguishable from our case; and they are not controlling, here. In *Allen* and *Wellington*, the actions were brought specifically for the recovery of checks which were still valid orders to pay at the time of the suits and which carried with their possession the undisputed rights to the funds they represented. In *Parchman*, the suit was for the recovery of

**132**

money held in escrow by a commission agent which represented the proceeds of an agreed sale of cattle by plaintiff and defendants Parchmans who separately claimed ownership of the cattle prior to the sale. In our case, plaintiff is not suing for recovery of the check; it has the check in its possession, according to its pleadings and the proof. If it can be said *arguendo* that plaintiff pleads for the money represented by the check, it is undisputed those funds are in defendant's bank in Dallas County.

V.T.C.A., Bus. & C. § 17.56, is a part of the Deceptive Trade Practices—Consumer Protection Act. It provides for venue in an action brought under the Act in the county "in which the alleged act or practice occurred" or in the county in which the defendant "solicited the transaction made the subject of the action." These venue provisions are applicable in a proper case under the terms of subdivision 30 of article 1995, Vernon's Tex.Civ.St., which provides that any law authorizing or regulating any particular character of action may designate the county of suit. However, in order to sue under the Deceptive Trade Practices Act, the plaintiff must be a "consumer." § 17.50(a); *Hi-Line Electric Company v. Travelers Ins. Companies*, 587 S.W.2d 488, 490 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 741 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). In § 17.45(4) of the Act a consumer is defined as "an individual partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services." The term "goods" is defined in § 17.45(1) to mean "tangible chattels or real property purchased or leased for use." In our case, plaintiff asserts in effect that it acquired defendant's check by purchase by exchanging the liquor metering devices for the check, and that it was therefore a consumer within the meaning of the Act. We disagree. Plaintiff's construction of the term "consumer" is too broad to fit within the intent and purposes of the Act. Clearly, within the meaning of the Act, plaintiff was the seller and defendant was the purchaser-consumer in the transaction sued upon by plaintiff. Having failed to meet the threshold requirement of being a consumer, plaintiff may not claim the benefit of the venue provisions in the Act.

The judgment is reversed. Judgment is here rendered sustaining defendant's plea of privilege and transferring this case to the District Court of Dallas County.