J. A. WILHELM et ux., Appellants,

v.

Allen YOUNG, Appellee.

No. 5666.

Court of Appeals of Texas, Eastland.

Oct. 8, 1981.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellants.

Philip R. Lane, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellee.

DICKENSON, Justice.

This venue appeal involves subdivisions 9 (trespass), 14 (land) and 29a (two or more defendants: necessary parties) of Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964).

Plaintiffs, J. A. Wilhelm and wife, Louise Wilhelm, sued two defendants who are not parties to this appeal[1] and Allen Young,[2] the defendant whose plea of privi-

---

1. Plaintiffs sued Jack Wilhelm and wife, Ruth Wilhelm, for title and possession of 188.8 acres of land under an oral contract, alleging payment of consideration by plaintiffs, surrender of possession by defendants, and valuable and permanent improvements by plaintiffs under the doctrine of *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921). In the alternative plaintiffs sought $97,500 from these defendants for their share of partnership profits, $45,000 for the enhanced value of the land because of the improvements, recovery of certain personal property, and other relief.

2. Plaintiffs sued Allen Young for trespassing upon the land which they claimed, alleging that his livestock damaged their oat crop and grass,

lege was sustained by the trial court after a nonjury hearing. Plaintiffs appeal the order dated June 3, 1981, which sustained Young's plea of privilege.[3] We affirm.

Plaintiffs have only briefed one point of error, arguing that the trial court erred in sustaining the plea of privilege of Allen Young. As authorized by *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, at 482 (1943), we look to the statement and argument under this point of error. They show that Plaintiffs rely upon subdivisions 9, 14 and 23 of the venue statute, supra.

■ In a nonjury trial where there are no findings of fact, the judgment of the trial court must be affirmed if it can be upheld on any legal theory which is supported by the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). The test on appeal from an order sustaining or overruling a plea of privilege is the same as that applied in the appeal from a judgment on the merits. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (Tex.1953). We must presume that all disputed facts were found in support of the trial court's order which sustained Defendant Young's plea of privilege. Plaintiffs' burden of proof in the trial court was to prove their essential venue facts by a preponderance of the evidence. Plaintiffs' burden on appeal is to show that they conclusively established all of the venue facts under at least one of the three exceptions upon which they rely. Since all of the witnesses are parties to the litigation, it was for the trial judge to determine the

weight to be given to each party's testimony. The Court of Appeals is not free to substitute its judgment for that of the trial court. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, at 609 (Tex.1979).

■ Defendant Young argues that Plaintiffs' pleadings are insufficient. While there is authority to support Defendant Young's argument,[4] we hold that all of the venue issues were tried by consent under Tex.R.Civ.P. 67 when the parties agreed that the deposition testimony could be admitted without objection or limitation of any kind.

■ The venue facts for "trespass" under subdivision 9, supra, are stated in 1 McDonald, Texas Civil Practice § 4.17.1 (Rev. 1981):

> Upon the venue hearing, plaintiff(s) must establish by a preponderance of the evidence (a) that a trespass has been committed; (b) that it was committed in the county of suit; and (c) that the defendant asserting his privilege committed the acts. . . .

There was a disputed fact issue as to whether a trespass was committed. There is evidence to support the trial court's implied finding that Defendant Young had the legal right to be on the property. There was testimony that he had a lease from the record owners of the property, and the testimony does not conclusively establish the Plaintiffs' claim of ownership. *Ray v. Farmers' State Bank of Hart*, supra.

---

and seeking $3,000 as actual damages plus $15,000 as punitive damages.

3. There was no timely motion under Tex.R.Civ.P. 404 relating to the informalities in this appeal, and those objections are waived. The appeal bond could have been amended pursuant to Tex.R.Civ.P. 430. See *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Company*, 528 S.W.2d 568 (Tex. 1975).

4. Plaintiffs' controverting plea dated August 14, 1980, incorporated by reference their First Amended Original Petition dated July 15, 1980, and it purported to incorporate by reference all amended pleadings filed thereafter. Plaintiffs' Second Amended Original Petition was filed on

October 10, 1980. The controverting plea was not amended.

1 McDonald, Texas Civil Practice § 4.49 (Rev. 1981) cites authority for the proposition that the adoption by reference "incorporates only the pleading specifically referred to, and not a subsequent amendment thereto." This seems correct, for one cannot swear to the allegations of a pleading which is not in existence.

1 McDonald, Texas Civil Practice § 4.50 (Rev. 1981) cites authority for the proposition that where a petition is incorporated into the controverting affidavit by reference, and thereafter the petition is amended without an amendment of the controverting affidavit, "the amended petition is not before the court on the venue hearing."

■ The venue facts under subdivision 14, supra, are stated in 1 McDonald, Texas Civil Practice § 4.22.1 (Rev.1981):

Two venue facts are controlling: the nature of plaintiff's claim, and the location of the land.

Plaintiffs have established the fact that the land is located in Comanche County; however, they have not conclusively established the other venue fact as to this Defendant. The claim against Defendant Young is for damage to the growing crops. Moreover, we note the rule which came into play when Defendant Young specially excepted to Plaintiffs' controverting plea and alleged that Plaintiffs' claim to title is made in bad faith for venue purposes and that their pleadings show that the claim is actually for specific performance of an oral contract. Such an allegation placed the additional burden upon Plaintiffs of proving that their allegations were not made in bad faith. See *Thomas v. Ralph E. Fair, Inc.*, 556 S.W.2d 603, at 606 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Batex Oil Company v. La Brisa Land and Cattle Company*, 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd). We are required to presume that the trial court resolved this disputed fact issue in favor of Defendant Young. *Ray v. Farmers' State Bank of Hart*, supra.

■ The venue facts under subdivision 29a, supra, are discussed in 1 McDonald, Texas Civil Practice § 4.36 (Rev.1981). Plaintiffs' burden is to show that Defendant Young is a "necessary party upon the cause of action as to which venue against the codefendant has been established." *Preissman v. Continental-Bank of Texas*, 524 S.W.2d 579 (Tex.Civ.App.—San Antonio 1975, writ dism'd). It is clear that Defendant Young is not a necessary party upon the causes of action asserted against his codefendants. Compare the causes of action as described in marginal notes 1 and 2.

Plaintiffs' point of error is overruled. The trial court's order is affirmed.