Jack **WILHELM** et ux., Appellants,

v.

J. A. **WILHELM** et ux., Appellees.

No. 11–81–164–CV.

Court of Appeals of Texas, Eastland.

April 22, 1982.

Philip R. Lane, Hall, McLaughlin & Lane, San Angelo, for appellants.

D. Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellees.

DICKENSON, Justice.

The controlling question in this venue appeal is whether subdivision 10 of the venue statute,[1] concerning plaintiffs' suit for the recovery of personal property, is sufficient to maintain venue as to that cause of action and other properly joined causes of action. We hold that it is.

Plaintiffs, J. A. Wilhelm and wife, Louise Wilhelm, sued three defendants, all of whom filed pleas of privilege seeking to transfer the lawsuit from Comanche County to their county of residence, Tom Green County. Following a nonjury hearing on January 20, 1981, the trial court sustained one plea of privilege[2] and later, on October 12, 1981, overruled the plea of privilege of the other two defendants, Jack Wilhelm and wife, Ruth Wilhelm. Those two defendants appeal. We affirm the order overruling their plea of privilege.

■ In a nonjury trial where there are no findings of fact, the judgment of the trial court must be affirmed if it can be upheld on any legal theory which is supported by the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). The test on appeal from an order sustaining or overruling a plea of privilege is the same as that applied in the appeal from a judgment on the merits. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953). We must presume that all disputed facts were found in support of the trial court's order overruling the plea of privilege of these two defendants. Their burden on appeal is to show that plaintiffs failed to establish venue under all of the exceptions relied upon. Since all of the witnesses are parties to the litigation, it was for the trial judge to determine the weight to be given their testimony. *Wilhelm v. Young*, supra. The Court of Appeals is not free to substitute its judgment

for that of the trial court on disputed factual matters. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979).

■ The pleadings show that plaintiff has sued these two defendants for title and possession of 188.8 acres of land under an oral contract. See *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921). They also sued for personal property consisting of farm machinery, equipment, and livestock. The venue hearing testimony supports implied findings that one of the causes of action in this suit has been brought for the recovery of personal property and that the property was in Comanche County at the time of the venue hearing. The testimony shows that J. A. and Jack Wilhelm both claim ownership of this personal property.

We agree with defendants that the suit for recovery of land under an oral contract could not be maintained in Comanche County under subdivision 14 of Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964). See *Smith v. Hall*, 147 Tex. 634, 219 S.W.2d 441 (1949); *Hicks v. Hicks*, 395 S.W.2d 400 (Tex.Civ. App.—Eastland 1965, no writ). Nonetheless, we must affirm the trial court's ruling because venue of the suit for recovery of personal property can be maintained in Comanche County under subdivision 10, supra.[3] See *Walshak v. Walshak*, 417 S.W.2d 307 (Tex.Civ.App.—Corpus Christi 1967, no writ), which holds that the controlling venue facts under subdivision 10, supra, are:

(1) the petition must show that the suit is brought to recover personal property located in the county where the suit is filed, and (2) the plaintiff must prove that the property is located in such county. (citations omitted)

See also *Moody v. Lewis*, 596 S.W.2d 319 (Tex.Civ.App.—Waco 1980, no writ); *Allen*

1. Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 10 (Vernon 1964) states: "Suit for the recovery of personal property may be brought in any county where the property may be...." See 1 McDonald, Texas Civil Practice § 4.18 (Rev. 1981) which suggests that the suit must be "primarily" for the recovery of the personal property.

2. See *Wilhelm v. Young*, 624 S.W.2d 647 (Tex. App.—Eastland 1981, no writ), where this court affirmed the trial court's order of June 3, 1981, sustaining the plea of privilege of Allen Young.

3. As noted in *Wilhelm v. Young*, supra, all of the venue issues raised by the evidence were tried by consent under Tex.R.Civ.P. 67.

**762**

v. *Hamilton National Bank*, 459 S.W.2d 955 (Tex.Civ.App.—Waco 1970, no writ).

Since venue may be maintained by plaintiffs as to one cause of action against these two defendants, it may be maintained as to all properly joined causes of action against these defendants. *Middlebrook v. David Bradley Mfg. Co.*, 86 Tex. 706, 26 S.W. 935 (1894); *E. D. S. Energy Development Services, Inc. v. Bandera Trucking Company*, 601 S.W.2d 215 (Tex.Civ.App.—Eastland 1980, no writ); *Lindsey v. Security Savings Ass'n*, 556 S.W.2d 570 (Tex.Civ.App.—Dallas 1977, no writ). See also 1 McDonald, Texas Civil Practice § 4.38 (Rev.1981).

The trial court's order of October 12, 1981, overruling the pleas of privilege of Jack Wilhelm and Ruth Wilhelm is affirmed.