**OAK FOREST BANK OF HOUSTON, Appellant,**

v.

**HARLINGEN STATE BANK, Appellee.**

**No. 13–83–098–CV.**

Court of Appeals of Texas, Corpus Christi.

July 11, 1983.

Lee Kaplan, Houston, for appellant.

Thomas P. Curtis, Harlingen, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

GONZALES, Justice.

This is an appeal from an order overruling a plea of privilege of Oak Forest Bank of Houston (Houston Bank) to be sued in Harris County. Harlingen State Bank (Harlingen Bank) filed suit in Cameron County to recover the proceeds of a certificate of deposit a defaulting third party had pledged as collateral for a loan. The trial court held venue was proper in Cameron County under Tex.Rev.Civ.Ann. art. 1995 subd. 10 (Vernon 1964). We disagree.

### Issue

We agree with appellant that the primary issue is: May a plaintiff sue a bank outside the county of the bank's residence to collect the proceeds of a certificate of deposit which was issued and is payable at the bank's residence and which proceeds remain in the county of the issuing bank's residence? We answer "No." To hold otherwise would subject banks to suits in any county of the State depending solely on the location of the certificate of deposit.

The facts are undisputed. On July 22, 1981, Houston Bank issued a certificate of deposit (certificate) in the amount of $100,000.00 to Country Junction, Inc. On July 23, 1981, Harlingen Bank made a $100,000.00 loan to Country Junction and accepted the certificate as collateral for the loan. On December 11, 1981, Country Junction filed for bankruptcy and the note to the Harlingen Bank was unpaid. Harlingen Bank obtained the consent of the bankruptcy court to foreclose on the certificate and on October 4, 1982, they purchased it at the foreclosure sale. Thereafter, Houston Bank refused Harlingen Bank's demand for the proceeds of the certificate. Harlingen Bank then sued the Houston Bank to collect the proceeds and alleged that the Houston Bank had converted the proceeds. At all

times material to this suit, the certificate was in the possession of the Harlingen Bank in Cameron County.

Houston Bank filed a plea of privilege to be sued in Harris County alleging that no exception existed to its right to be sued in the county of its residence. Harlingen Bank filed a controverting plea and alleged that the suit was for *recovery of personal property* and since the certificate was located in Cameron County, venue was proper in Cameron County under subd. 10 of art. 1995.

The heart of the dispute lies in the manner in which the parties view or conceptionalize plaintiff's cause of action. On the one hand, Harlingen Bank asserts that this is a suit to recover *ownership of the personal property* which would then entitle them to all incidents of ownership which includes recovery of the money which the certificate represents. Harlingen Bank also views the certificate as "evidence of a debt" and since this "paper" (personal property) was located in Cameron County at the time suit was filed, it asserts that venue was proper in said county.

On the other hand, Houston Bank concedes that Harlingen Bank has possession of the certificate and they have no objection if it keeps the certificate, frames it, or does anything else they want to with it. Houston Bank also asserts that Harlingen Bank's petition shows that the cause of action *is not* to recover the certificate itself, but to recover *the proceeds* of the certificate and/or to recover damages for the alleged conversion of the proceeds. Houston Bank also views the certificate not as "evidence of a debt" but as a "promise to pay" the amount of the certificate.

Article 1995 provides in part:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except for the following cases:

\* \* \* \* \* \*

10. Personal property.—Suit for the recovery of personal property may be brought in any county where the proper-

ty may be or where the defendant resides."

The venue facts under subdivision 10 are: ". . . (I) that the suit is primarily for the recovery of property, which is determined by reference to the petition; and (II) that the property was in the county of suit at the time suit was filed." *Walshak v. Walshak,* 417 S.W.2d 307, 308 (Tex.Civ. App.—Corpus Christi 1967, no writ); 1 *R. McDonald, Tex.Civ.P.* § 4.18 (revised 1981).

A certificate of deposit is a written acknowledgment by a bank or banker of the receipt of a sum of money on deposit which the bank or banker promises to pay to the depositor, to bearer, to the order of the depositor, or to some other person or to his order. *First Nat. Bank of Farmersville v. Greenville Nat. Bank,* 84 Tex. 40, 19 S.W. 334 (1892); 9 C.J.S. § 311 Banks & Banking. Generally, unless the certificate specifies to the contrary, it is payable at the place where the bank is located. *Powell v. Farmer's State Bank,* 164 Neb. 180, 82 N.W.2d 260 (1957); 9 C.J.S. § 312 Banks & Banking.

Our case is one of first impression in Texas. Therefore, the cases relied upon by appellee are distinguishable. In *Allen v. Hamilton National Bank,* 459 S.W.2d 955 (Tex.Civ.App.—Waco 1970, no writ), a declaratory judgment action was brought to determine the ownership of a check and its proceeds. The check at issue was tendered into the court in which suit was filed. The Court of Civil Appeals held that the suit was one for recovery of personal property as contemplated by subdivision 10, and that venue was proper in the county where filed. Id. at 956. In that case, however, the bank upon which the check was drawn was not a party to the suit. Id. Additionally, its place of residence was not revealed.

In *City State Bank in Wellington v. Wichita National Bank of Wichita Falls,* 253 S.W.2d 308 (Tex.Civ.App.—Ft. Worth 1952, no writ), the proceeds of the two *checks* in controversy were in the form of a cashier's check sent by the appellant to the appellee. 253 S.W.2d at 310. Suit had been

592

filed in the county of appellee's residence. Both the checks and the cashier's check representing the proceeds were in appellee's possession there. Venue was held to properly lie in Wichita County.

In this State, a bank may only engage in business, or receive deposits in its "own banking house," or through unmanned teller machines. Tex.Rev.Civ.Stat. Ann. art. 342–903 (Vernon Supp.1982). By "banking house" is meant "the building in whose offices the business of the bank is conducted...." Id. The Harlingen Bank's pleadings leave no doubt that Houston Bank's "banking house" is in Harris County. Therefore, the only place where Houston Bank could have received the deposit was Harris County. Since a certificate of deposit is a promise to pay, under these facts, Houston Bank's obligation to honor the certificate exists only in Harris County. Therefore, we hold that the venue facts necessary under subdivision 10 of article 1995 have not been proven.

The judgment of the trial court is reversed, and the cause is ordered transferred to the district court of Harris County.