Pablo ORTIZ, Appellant,

v.

H.E. BUTT GROCERY COMPANY,
Appellee.

No. 04–83–00195–CV.

Court of Appeals of Texas,
San Antonio.

June 20, 1984.

Jesus Vargas, Law Offices of Jesus Vargas, San Antonio, for appellant.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment sustaining a plea of privilege.

Plaintiff/appellant Pablo Ortiz, sued defendant/appellee H.E. Butt Grocery Company, a private corporation, in the District Court of Bexar County, Texas, for injuries received while an invitee in appellee's store located in San Antonio, Bexar County. Appellant alleged that an automatic door suddenly closed on him as he was exiting appellee's store, causing the complained of injuries. Appellee filed a plea of privilege to be sued in its domiciliary county, i.e., Nueces County. Appellant's controverting affidavit alleged that appellee's plea of privilege was subject to exceptions in subdivisions 9a and 23 of TEX.REV.CIV. STAT.ANN. art. 1995 (Vernon 1964). Both of the aforementioned subdivisions allow venue to be maintained in a county where the negligence occurred, provided that essential elements of a cause of action grounded in negligence are found to exist by a preponderance of the evidence. Appellant relied exclusively on the doctrine of res ipsa loquitur at the plea of privilege hearing. The trial court sustained the plea of privilege and it is from this order that appellant appeals.

No findings of fact and conclusions of law were requested or filed. A statement of facts has been brought forward.

In his sole point of error, appellant states that "the trial court erred in sustaining defendant's plea of privilege on the basis that plaintiff failed to prove one of the elements for the doctrine of res ipsa loquitur, to-wit: that the character of the accident is such that it would not ordinarily occur in the absence of negligence." We affirm.

When specific findings of fact and conclusions of law have not been requested or filed, and also have not been stated in the judgment, but appellant brings forward a statement of facts, it is presumed upon appeal that the trial judge found every issuable fact proposition necessary to sustain the judgment if such proposition is raised by the pleadings (or by trial outside the pleadings by express or implied consent) and is supported by the evidence. 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 16.10(d) (rev. 1971).

Viewed in light of the aforementioned rules, it must be presumed that in sustaining the plea of privilege the court impliedly refused to find that the defendant or its agents, servants, and employees were negligent.

Since we construe appellant's point of error as a "no evidence" point of error, his appellate burden is to show that the evidence conclusively establishes the essential elements of a negligence cause of action. This means that the trial court's order may be disturbed only if the record shows that every element of some negligence theory was established as a matter of law. *Wilhelm v. Young,* 624 S.W.2d 647, 649 (Tex.Civ.App.—Eastland 1981, no writ).

In our opinion the uncontroverted evidence establishes no more than a choice of reasonable possibilities. The court had a choice to reject or accept the inference of negligence. It impliedly refused to infer negligence from the circumstances in evi-

dence and included therein a refusal to find the factual existence of the res ipsa loquitur elements. Res ipsa loquitur ·does not compel a finding of negligence as a matter of law; it is a rule of evidence under which negligence may be inferred in certain cases without proof of specific acts or omissions. *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 251–52 (Tex.1974). The uncontroverted evidence does not tend to show negligence so clearly, positively and conclusively that reasonable minds could not differ on the question. We hold that appellant failed to meet his appellate burden of showing the conclusive existence of negligence. His point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.